IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| ALEXANDER MYHAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV-05-19 |
| | ) |
| AMERICAN MEDICAL SECURITY, INC., et. al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT AMSOUTH BANK'S MOTION TO STRIKE JURY DEMAND

COMES NOW defendant AmSouth Bank and moves this Court to strike the jury demand made against it by Plaintiff and as grounds shows as follows:

1. This is a health insurance case. The action began on January 28, 2005, when Plaintiff filed suit against United Wisconsin Life Insurance Company ("UWLIC"), American Medical Security, Inc. ("AMS") and AmSouth Bank ("AmSouth"). (See Complaint). The plaintiff's claims against AMS, AmSouth and UWLIC relate to a major medical group insurance policy issued by UWLIC and administered by AMS. The coverage at issue is known as the "Med One" policy. Plaintiff directs his claims at the tier rating process formerly utilized by defendants in determining the renewal premium rates on the Med One policies. Plaintiff contends the Med One policy was not a group policy as represented at the time of sale because the tier rating system resulted in the plaintiff's individual health diagnosis being considered as one factor in determining his renewal premium rate.

2. Plaintiff sued AmSouth based on its position as the trustee of the "Prescription For Good Health Trust" (the "Trust"). (See Complaint, ¶ 6). As alleged, AmSouth held a Master Policy in the Trust for certain Med One insureds in Alabama.

3. In his Complaint, plaintiff pled a claim for breach of fiduciary duty against AmSouth. (See Complaint, Count 9).

4. The well-settled law in Alabama establishes that "the beneficiaries of a trust d[o] not have the right to a jury trial on a claim for money damages based upon a breach of fiduciary duties by the trustee . . ." Ex parte Holt, 599 So. 2d 12, 14 (Ala. 1992), citing First Alabama Bank v. Spragins, 475 So. 2d 512 (Ala. 1985). Further, the Alabama Supreme Court has long held that, "Courts possess exclusive equitable jurisdiction over remedies for a beneficiary against a trustee." Ex parte Jonas, 64 So. 960 (Ala. 1914); see also Ex parte SouthTrust Bank of Alabama, N.A., 679 So. 2d 645 (Ala. 1996).

5. This principle was clearly enunciated by the Alabama Supreme Court in First Alabama Bank v. Spragins, 475 So. 2d 514 (Ala. 1985), wherein the beneficiaries of a trust sued the trustee (a bank), claiming mismanagement of the trust and breach of fiduciary duty. Id. at 513. The plaintiffs demanded a jury trial on all issues and the defendants filed a motion to strike the plaintiffs' jury demand. The trial court held that the beneficiaries were entitled to a jury trial with respect to their claim for money damages. Id. at 514. The trial court was reversed.

6. In reversing the trial court, the Alabama Supreme Court held that "historically, remedies to enforce rights arising under a trust have been relegated to the exclusive jurisdiction of equity." The Court held that all of plaintiffs' claims fell within the trial court's exclusive grant of equity jurisdiction. Thus, plaintiffs were not entitled to a jury trial on any of their claims and the trial court had erred in denying the bank/trustee's motion to strike the plaintiffs' demand for a jury trial. Id. at 513. The court held:

> The Bank strenuously insists that the plaintiffs' claim for money damages, grounded on the allegation that the Bank, as a professional trustee, breached its fiduciary duty in its management of the trust estate, is not such a claim . . . as to entitle the plaintiffs to a jury trial. We agree.

Id. at 513 (emphasis added).

7. The Alabama Supreme Court based its decision on the fact that "it has long been the law in Alabama that where a trustee does not perform his duty to protect the trust, the beneficiaries may sue in equity to protect their rights." Id. at 514, relying on Riley v. Bradley, 41 So. 2d 641 (Ala. 1948) (emphasis added); Ex parte Jonas, 64 So. 960 (Ala. 1914). Absent two limited exceptions, both of which are inapplicable to this action, "Courts possess exclusive equitable jurisdiction over remedies for a beneficiary against a trustee." Id., relying on Restatement (Second) of Trusts, (1959); Scott and Scott, Cases on Trusts, p. 416 (5th ed. 1966).[1]

8. The only two exceptions to an Alabama court's exclusive grant of equity jurisdiction over "all matters pertaining to trusts" are:

> (1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment.
>
> (2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him.

Spragins, 475 So. 2d at 514, relying on Ex parte Garner, 190 So. 2d 544 (Ala. 1966).

9. These two exceptions are clearly inapplicable to this case because the plaintiff, as a beneficiary, does not have a claim for immediate distribution of the trust corpus (which, as the insurance policy itself, is incapable of "distribution"). In addition, the Alabama Supreme Court has refused to expand the two exceptions. Rather, the court has narrowly construed them to

---

[1] It is also the settled law of other jurisdictions that allegations such as those asserted by the plaintiff fall within the exclusive equity jurisdiction of the court, and thus may not be tried to a jury. See, e.g., Carstens v. National Bank and Trust Company of Des Moines, 461 N.W. 2d 331 (Iowa 1990) (trust beneficiaries seeking money damages for claims of breach of fiduciary duty, fraudulent misrepresentation, fraudulent concealment and negligence arising out of the administration of a trust were not entitled to a jury trial); Allard v. Pacific National Bank, 663 P.2d 104 (Wash. 1983) (Denial of plaintiffs' demand for a jury was proper where plaintiff filed suit against trustee and two third parties by allegedly selling to the third parties trust assets at less than fair market value).

protect lower courts' equity jurisdiction over trusts and all issues which arise out of them. For example, in Spragins, the Alabama Supreme Court expressly rejected the plaintiff's contention that a claim for money damages based on mismanagement and an alleged breach of fiduciary duty (as plaintiffs here have asserted) creates a third exception to the court's exclusive grant of equitable jurisdiction over "all matters pertaining to trusts." The court held:

> We recognize that the application of pure logic presents a persuasive argument for including a third exception [to the court's exclusive grant of equitable jurisdiction]: a claim for money damages only, based on an alleged breach of fiduciary duty. We are persuaded, however, to adhere to precedent and have all matters pertaining to trusts, other than the two recognized exceptions, within equity's exclusive jurisdiction.

Id. at 514 (emphasis added).

10.     The Alabama Supreme Court reaffirmed its reliance on Spragins in the decision of Ex parte SouthTrust Bank of N.A., 679 So. 2d 645, 647-48 (Ala. 1996). There, the court found that claims alleging breach of fiduciary duty and negligence against a trustee were not entitled to be heard by a jury. Id. at 648-49.

11.     Similarly, in Ex parte Holt, 599 So. 2d 12 (Ala. 1992), the Alabama Supreme Court, relying on Spragins, upheld the trial court's finding that "as a matter of law," the beneficiaries of a trust did not have a right to a jury trial against a trustee. Id. at 14.

12.     All of plaintiff's claims in this action against AmSouth arise from the Trust and thus plaintiff is not entitled to a jury trial on any of his claims against any party. The Alabama Supreme Court in Spragins, Ex parte Holt and Ex parte SouthTrust has cited and relied on Scott on Trusts which holds:

> The beneficiaries of a trust cannot maintain an action at law against a third person who commits a tort or other wrong with respect to the trust property . . . So also, insofar as the beneficiary is entitled to maintain an action against a third party, his remedy is in equity.

Fratcher, <u>Scott on Trusts</u> § 231 (4th ed. 1989). Accordingly, the plaintiff is not entitled to a jury on his claims against AmSouth.

13. In sum, it is well settled in Alabama that "[e]quity has exclusive jurisdiction over remedies for [allegations] for breach of trusts." <u>Ex parte Holt</u>, 599 So. 2d at 14. That is, "<u>all matters pertaining to trusts, other than the two recognized exceptions, [fall] within equity's exclusive jurisdiction.</u>" <u>Spragins</u>, 475 So. 2d at 514 (emphasis added). The two exceptions are inapplicable to this case.

14. As such, plaintiff's claims fall within this Court's exclusive grant of equity jurisdiction and "as a matter of law" may not be tried to a jury. This Court should adhere to clear and long-standing precedent and strike plaintiff's jury demand as to the claims made against AmSouth. As shown by the orders attached as composite Exhibit 1, identical motions to strike jury demand have been granted by numerous circuit courts throughout the State of Alabama.

**WHEREFORE**, defendant AmSouth Bank moves this Court to enter an order striking plaintiff's jury demand as to the claims made against it.

**ORAL ARGUMENT IS REQUESTED.**

Respectfully submitted,

_____
James E. Fleenor, Jr. (FLE013)
Harlan F. Winn, III (WIN023)
Michael J. Clemmer (MJC029)
Attorneys for Defendant AmSouth Bank

**OF COUNSEL:**

BATTLE, FLEENOR, GREEN,
   WINN & CLEMMER LLP
The Financial Center, Suite 1150
505 North 20th Street
Birmingham, Alabama 35203

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following counsel of record by placing same in the United States mail, postage prepaid, addressed as follows:

Ted L. Mann, Esq.
Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, Alabama 35209

on this the 2 day of May, 2005.

_____
OF COUNSEL

```
AV5309                    ALABAMA JUDICIAL DATA CENTER
                              MARSHALL    COUNTY
                                 TRANSMITTAL
                                                        CV 2003 000315.00
                                                        DAVID J. EVANS, JR.
```

```
              IN THE CIRCUIT COURT OF MARSHALL         COUNTY
    BOBBY TIDMORE, ET AL. VS. AMERICAN MEDICAL SECURITY, ET AL.


    TO: WINN HARLAN FRANK III                ATTORNEY FORD001: AMERICAN M
        P O BOX 830719
        BIRMINGHAM  AL  35283


    12/18/03  MOTION TO STRIKE JURY DEMAND AS TO AMSOUTH GRANTED.
                        /S/ EVANS, JUDGE




              NOTICE DATE: 01/02/2004       CLERK: SHERRY GRIEP
                                                   P O BOX 248
                                                   GUNTERSVILLE  AL  35976
                                                   (256)571-7785


    OPERATOR: DIH
    PREPARED: 01/02/2004
```



EXHIBIT

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | | |
|---|---|---|
| BERNARD C. COX and DOROTHY COX, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV- 2003-155 |
| AMERICAN MEDICAL SECURITY, UNITED WISCONSIN LIFE INSURANCE COMPANY, AMSOUTH BANK, N.A., BRENDA STEWART, et al. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING AMSOUTH'S MOTION TO STRIKE JURY DEMAND

The Court, having reviewed AmSouth Bank's Motion to Strike the jury demand made against it, believes the Motion is well-taken and due to be granted. Thus, AmSouth Bank's Motion to Strike the jury demand made against it is hereby GRANTED.

DONE this the 13th day of November, 2003.

_____
Circuit Judge

cc: Harlan F. Winn, III, Esq.
Chris Cochran, Esq.

FILED
NOV 13 2003
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

1163887

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| PAUL HELMS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: CV-02-189 |
| v. | ) |
| AMERICAN MEDICAL SECURITY, GROUP, INC.; UNITED WISCONSIN LIFE INSURANCE COMPANY; RONALD MIKE STELL; G. PERRY GREEN, JR.; AMSOUTH BANK; et al., | ) |
| Defendants. | ) |

### ORDER GRANTING AMSOUTH'S MOTION TO STRIKE JURY DEMAND

The Court, having reviewed AmSouth Bank's Motion to Strike the jury demand made against it, believes the Motion is well-taken and due to be granted. Thus, AmSouth Bank's Motion to Strike the jury demand made against it is hereby GRANTED.

DONE this the 13th day of November, 2003.

_____
Circuit Judge

cc: Harlan F. Winn, III, Esq.
Chris Cochran, Esq.



FILED
NOV 13 2003
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

1163882

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | | |
|---|---|---|
| ASHWIN ALLEN PATEL, | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.: 03-5 |
| v. | ) ) | |
| AMERICAN MEDICAL SECURITY, INC.; UNITED WISCONSIN LIFE INSURANCE CO.; AMSOUTH BANK, N.A.; et al., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING AMSOUTH'S MOTION TO STRIKE JURY DEMAND

The Court, having reviewed AmSouth Bank's Motion to Strike the jury demand made against it, believes the Motion is well-taken and due to be granted. Thus, AmSouth Bank's Motion to Strike the jury demand made against it is hereby GRANTED.

DONE this the 13th day of November, 2003.

_____
Circuit Judge

cc: Harlan F. Winn, III, Esq.
Chris Cochran, Esq.
Stephen E. Whitehead, Esq.



FILED
NOV 1 3 2003
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

1163884

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| ROBERT T. BENNETT, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO.: |
| ) | |
| vs. ) | CV-01-269 |
| ) | |
| UNITED WISCONSIN LIFE ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING AMSOUTH'S MOTION TO STRIKE JURY DEMAND

The Court, having reviewed AmSouth Bank's Motion to Strike the jury demand made against it, believes the Motion is well-taken and due to be granted. Thus, AmSouth Bank's Motion to Strike the jury demand made against it is hereby GRANTED.

DONE this the 21st day of July, 2003.

_____
Circuit Judge

cc:   James E. Fleenor, Jr., Esq.
      Harlan F. Winn, III, Esq.
      Ricky J. McKinney, Esq.
      W. Lee Pittman, Esq.
      Chris T. Hellums, Esq.
      C. Carter Clay, Esq.
      Stephen E. Whitehead, Esq.

1124134