IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

CIVIL ACTION NUMBER CU-03-155

BERNARD C. COX, an individual; DOROTHY COX, an individual

Plaintiffs,

vs.

AMERICAN MEDICAL SECURITY, a corporation; UNITED WISCONSIN LIFE INSURANCE COMPANY, a corporation; AMSOUTH BANK, N.A., an Alabama Corporation with its principle place of business in Birmingham, Alabama; BRENDA STEWART, an individual; No. 1, whether singular or plural, that entity who or which sold to plaintiffs the insurance policy (group number 1200-011330) made the basis of this lawsuit; No. 2, whether singular or plural, that entity who or which, as an agent, sold to the plaintiffs the insurance policy (group number 1200-011330) made the basis of this lawsuit; No. 3, whether singular or plural, plaintiffs hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiffs the insurance policy (group number 1200-011330) made the basis of this suit; No. 4, whether singular or plural, that entity who or which, through agents or otherwise, marketed to plaintiffs the insurance policy (group number 1200-011330) on or before the filing of this lawsuit; No. 5, whether singular or plural, plaintiffs hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; No. 6, whether singular or plural that individual or those individuals, that entity or those entities, who or which misrepresented to plaintiffs insurance premiums and/or coverage made the basis of this lawsuit; No. 7, whether singular or plural, that entity who or which was a representative, managing general agent, agent and/or underwriter for any insurance company which in any way may be involved with plaintiffs insurance policy (group number 1200-011330); No. 8, whether singular or plural, that person, firm or corporation, who or which assisted or contributed in any way to the misrepresentations and/or concealment perpetrated against plaintiffs; No. 9, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and No. 10, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein. (Plaintiffs avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiffs at this time or, if their names are known to plaintiffs at this time, their identities as proper party defendants are not known to the plaintiffs at this time, and their true names will be substituted by amendment when ascertained),

Defendants.

## SUMMONS

The service by certified mail or by Sheriff of this Summons and attached Complaint and discovery papers is initiated upon the written request of Plaintiffs attorney pursuant to the

EXHIBIT C

Alabama Rules of Civil Procedure upon the following Defendants:
AMERICAN MEDICAL SECURITY, P. O. Box 19032, Green Bay, Wisconsin, 54307-9032; UNITED WISCONSIN LIFE INSURANCE COMPANY, c/o The Corporation Company, 2000 Interstate Park, Suite 204, Montgomery, Alabama, 36109; AMSOUTH BANK, 1901 6th Avenue North, Birmingham, Alabama, 35203; BRENDA STEWART, 6 Eldorado East, Tuscaloosa, Alabama 35405; No. 1, whether singular or plural, that entity who or which sold to plaintiffs the insurance policy (group number 1200-011330) made the basis of this lawsuit; No. 2, whether singular or plural, that entity who or which, as an agent, sold to the plaintiffs the insurance policy (group number 1200-011330) made the basis of this lawsuit; No. 3, whether singular or plural, plaintiffs hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiffs the insurance policy (group number 1200-011330) made the basis of this suit; No. 4, whether singular or plural, that entity who or which, through agents or otherwise, marketed to plaintiffs the insurance policy (group number 1200-011330) on or before the filing of this lawsuit; No. 5, whether singular or plural, plaintiffs hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; No. 6, whether singular or plural that individual or those individuals, that entity or those entities, who or which misrepresented to plaintiffs insurance premiums and/or coverage made the basis of this lawsuit; No. 7, whether singular or plural, that entity who or which was a representative, managing general agent, agent and/or underwriter for any insurance company which in any way may be involved with plaintiffs insurance policy (group number 1200-011330); No. 8, whether singular or plural, that person, firm or corporation, who or which assisted or contributed in any way to the misrepresentations and/or concealment perpetrated against plaintiffs; No. 9, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and No. 10, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein. (Plaintiffs avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiffs at this time or, if their names are known to plaintiffs at this time, their identities as proper party defendants are not known to the plaintiffs at this time, and their true names will be substituted by amendment when ascertained).

## NOTICE TO DEFENDANTS

The complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint to PITTMAN, HOOKS, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, 2001 Park Place North, Birmingham, Alabama, 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

Dated: 7/25/03                                          _____
                                                              Clerk

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

CIVIL ACTION NUMBER CV-03-155

BERNARD C. COX, an individual; DOROTHY COX, an individual

    Plaintiffs,

v.

AMERICAN MEDICAL SECURITY, a corporation; UNITED WISCONSIN LIFE INSURANCE COMPANY, a corporation; AMSOUTH BANK, N.A., an Alabama Corporation with its principle place of business in Birmingham, Alabama; BRENDA STEWART, an individual; No. 1, whether singular or plural, that entity who or which sold to plaintiffs the insurance policy (group number 1200-011330) made the basis of this lawsuit; No. 2, whether singular or plural, that entity who or which, as an agent, sold to the plaintiffs the insurance policy (group number 1200-011330) made the basis of this lawsuit; No. 3, whether singular or plural, plaintiffs hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiffs the insurance policy (group number 1200-011330) made the basis of this suit; No. 4, whether singular or plural, that entity who or which, through agents or otherwise, marketed to plaintiffs the insurance policy (group number 1200-011330) on or before the filing of this lawsuit; No. 5, whether singular or plural, plaintiffs hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; No. 6, whether singular or plural that individual or those individuals, that entity or those entities, who or which misrepresented to plaintiffs insurance premiums and/or coverage made the basis of this lawsuit; No. 7, whether singular or plural, that entity who or which was a representative, managing general agent, agent and/or underwriter for any insurance company which in any way may be involved with plaintiffs insurance policy (group number 1200-011330); No. 8, whether singular or plural, that person, firm or corporation, who or which assisted or contributed in any way to the misrepresentations and/or concealment perpetrated against plaintiffs; No. 9, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and No. 10, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein. (Plaintiffs avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiffs at this time or, if their names are known to plaintiffs at this time, their identities as proper party defendants are not known to the plaintiffs at this time, and their true names will be substituted by amendment when ascertained),

    Defendants.

## COMPLAINT

### Factual Allegations

1. On or about June 1, 1995, BRENDA STEWART, while acting within the line and scope of her employment as an agent, servant, and/or employee of defendants, American Medical Security (hereinafter "AMS"), and/or United Wisconsin Life Insurance Company (hereinafter "UWLIC"), and/or one or more of the fictitious party defendants listed and described in the caption herein above, sold to plaintiff's, BERNARD C. COX and DOROTHY COX, a policy of health insurance, group number 1200-011330 in Eufaula, Alabama. At the time Plaintiffs applied for and agreed to purchase the reference health insurance policy, it was represented to them by defendant, BRENDA STEWART, and/or one or more of the fictitious party defendants listed and described in the caption herein above, while acting within the line and scope of their employment as agents, servants, representatives, and/or employees of defendants AMS and/or UWLIC, and/or one or more of the fictitious party defendants listed and described in the caption herein above, that their health insurance policy was a group policy which would help keep premiums at a lower level and that any increase in the premiums in the future would have to be equally increased over all the group policyholders at the same rate. It was suppressed from Plaintiffs by defendants that, as it relates to premium increases, the only members of the Plaintiffs group policy were the plaintiffs. Upon information and belief, the defendants also employed a tier rating system. This fact was also suppressed from the Plaintiffs. Plaintiff's, BERNARD C. COX and DOROTHY COX, in reasonable reliance upon the aforesaid representations, purchased said policy of health insurance.

2. From approximately 1995 to 1998, said monthly premiums increased from $269.00 to $802.48. Plaintiffs cancelled said policy due to dissatisfaction with the policy and primarily

because of the increase in premiums.

3. The representations and/or concealment by the defendants, AMS, UWLIC, AMSOUTH BANK, BRENDA STEWART, and/or one or more of the fictitious party defendants listed and described in the caption herein above, were of material facts, were false, reckless and/or wanton and known to be false by the defendants, and made pursuant to a fraudulent scheme and designed to defraud the plaintiffs.

4. Defendants have engaged in similar improper and fraudulent conduct on other occasions both prior to and subsequent to the dates mentioned above. The aforementioned defendants have exhibited a pattern or practice of similar conduct on occasions other than those set out above.

5. At all times pertinent hereto, the subject health insurance policy was set up through an Alabama discretionary trust called the "Prescription for Good Health Trust."

6. On information and belief, defendant AMSOUTH BANK served as trustee for said trust.

### Causes of Action

### Breach of Contract

7. Plaintiffs hereby reallege and reaver the allegations and averments contained in paragraphs 1 through 6 of this complaint the same as if here again set out in both letter and number.

8. The defendants, AMS, UWLIC, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, breached their agreement with plaintiffs pursuant to the above-stated policy of insurance by their conduct as above described.

9. As a proximate result of the breach of contract by the defendants as set out above, the plaintiffs were caused to suffer economic loss and severe mental anguish and emotional distress.

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and

severally, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

### Negligent, Reckless, Wanton Conduct

10. Plaintiffs hereby reallege and reaver the allegations and averments contained in paragraphs 1 through 9 of this complaint the same as if here again set out in both letter and number.

11. Plaintiffs aver that the aforementioned conduct of the defendants, AMS, UWLIC, AMSOUTH BANK, BRENDA STEWART, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, was negligent, reckless and/or wanton.

12. As a proximate consequence of the negligent, reckless and/or wanton conduct of the defendants, AMS, UWLIC, AMSOUTH BANK, BRENDA STEWART, and one or more of the fictitious party defendants listed and described in the caption hereinabove, plaintiffs were caused to suffer economic loss and severe mental anguish and emotional distress.

13. Specifically, plaintiffs contend that defendants negligently, recklessly, and/or wantonly breached their duty of good faith and fair dealing with the plaintiffs resulting in the above described damages.

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs and against

each defendant, and that it award damages to plaintiffs in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### Fraud

14. Plaintiffs hereby reallege and reaver the allegations and averments contained in paragraphs 1 through 13 of this complaint the same as if here again set out in both letter and number.

15. That the foregoing representations made by defendants, AMS, UWLIC, BRENDA STEWART, and/or one or more of the fictitious party defendants, to plaintiffs were misrepresentations of material fact, made willfully to deceive, or recklessly without knowledge, and relied upon by plaintiffs to their detriment, so as to constitute fraud under Ala. Code § 6-5-101 (1975).

16. That the foregoing representations of material fact were made with a present intent to deceive, and that at the time the misrepresentations were made by defendants, said defendants intended not to perform. Said misrepresentations were relied upon by plaintiffs so as to constitute promissory fraud under Ala. Code § 6-5-101 (1975).

17. That the foregoing representations made by defendants to plaintiffs were willful misrepresentations of material facts made to induce plaintiffs to act, and upon which plaintiffs acted to their detriment, or fraudulent or reckless misrepresentations of material fact, so as to constitute deceit and fraudulent deceit under Ala. Code §§ 6-5-103 and 6-5-104 (1975).

18. As a proximate consequence of the misrepresentations made by defendants to plaintiffs, the plaintiffs purchased said policy of insurance to their detriment, thereby causing economic loss and extreme emotional distress and mental anguish.

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs and against each defendant, and that it award damages to plaintiffs in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### Suppression

19. Plaintiffs hereby reallege and reaver the allegations and averments contained in paragraphs 1 through 18 of this complaint the same as if here again set out in both letter and number.

20. Plaintiffs further allege that defendants, AMS, UWLIC, BRENDA STEWART, and/or one or more of the fictitious party defendants, listed and described in the caption hereinabove, intentionally, recklessly, or negligently failed to disclose certain material information, as described above, to plaintiffs.

21. The aforesaid failure to disclose material information was done consciously, deliberately, oppressively, intentionally, fraudulently, and/or wantonly.

22. The defendants, AMS, UWLIC, BRENDA STEWART, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were under a duty, because of the circumstances in this particular case or because the law implies a duty, to communicate material facts hereinabove mentioned to the plaintiffs.

23. That the foregoing wrongful conduct by the defendants, AMS, UWLIC, AMSOUTH

BANK, BRENDA STEWART, and/or one or more of the fictitious parties listed and described in the caption hereinabove, constitutes suppression of material facts that the defendants were under an obligation to communicate to the plaintiffs, so as to constitute fraudulent suppression under Ala. Code § 6-5-102 (1975).

24. As a proximate consequence of the aforementioned suppression, plaintiffs were caused to suffer economic loss and extreme emotional distress and mental anguish.

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs and against each defendant, and that it award damages to plaintiffs in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

## Breach of Fiduciary Duty

25. Plaintiffs hereby reallege and reaver the allegations and averments contained in paragraphs 1 through 24 of this complaint the same as if here again set out in both letter and number.

26. The defendants, AMS, AMSOUTH BANK, and one or more of the fictitious party defendants listed and described in the caption herein above, were in a position of trust, confidence, and superior knowledge in relation to plaintiffs and for those reasons, among others, owed plaintiffs a fiduciary duty.

27. The defendants breached their fiduciary duty by misrepresenting and suppressing material

facts as described above, by failing to provide adequate insurance coverage to plaintiffs, by charging excessive premiums, or allowing excessive premiums to be charged, and by raising, or allowing to be raised, plaintiffs insurance premiums in a manner wholly inconsistent with the way the policy was marketed and sold to the plaintiffs.

28.   As a proximate consequence of the defendants' breach of their fiduciary duty, plaintiffs were caused to suffer economic loss, and extreme emotional distress and mental anguish.

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs and against each defendant, and that it award damages to plaintiffs in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### Negligent Training and Supervision

29.   Plaintiffs hereby reallege and reaver the allegations and averments contained in paragraphs 1 through 28 of this complaint the same as if here again set out in both letter and number.

30.   At all times pertinent hereto, BRENDA STEWART, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were working as an agent under the dominion, control and/or supervision of and for defendants, AMS, UWLIC, and/or one or more of the fictitious party defendants listed and described in the caption herein above.

31.   At all times pertinent hereto, the defendants, AMS, UWLIC, and/or one or more of the

fictitious party defendants listed and described in the caption hereinabove, had and undertook a duty to train and/or supervise said agents.

32. Said defendants negligently and/or wantonly trained and/or supervised defendant, BRENDA STEWART, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, such that they were allowed to participate and consummate the fraudulent acts and schemes described in this complaint.

33. As a proximate consequence of the aforesaid negligence and/or wantonness of the defendants, AMS, UWLIC, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, plaintiffs were caused to suffer economic loss, and extreme emotional distress and mental anguish.

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs and against each defendant, and that it award damages to plaintiffs in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### Negligent Procurement

34. Plaintiffs hereby reallege and reaver the allegations and averments contained in paragraphs 1 through 33 of this complaint the same as if here again set out in both letter and number.

35. Plaintiffs aver that defendant, BRENDA STEWART, negligently procured the health

insurance policy on behalf of the Plaintiffs and did so with knowledge of how the health policy was really administered.

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs and against each defendant, and that it award damages to plaintiffs in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

_____
W. LEE PITTMAN (PIT-003)

_____
C. CARTER CLAY (CLA-077)

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203
PHONE (205) 322-8880
FAX (205) 328-2711

**Plaintiffs hereby demands a struck jury for the trial of this cause.**

_____
C. Carter Clay (CLA-077)
Attorney for Plaintiffs

Plaintiffs' Address:

**98 Highway 30**
Eufaula, Alabama 36027

<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:</u>

**AMERICAN MEDICAL SECURITY**
P. O. Box 19032
Green Bay, Wisconsin 54307-9032

**UNITED WISCONSIN LIFE INSURANCE COMPANY**
c/o The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama 36109

**AMSOUTH BANK**
1901 6th Avenue North
Birmingham, Alabama 35203

**BRENDA STEWART**
6 Eldorado East
Tuscaloosa, Alabama 35405