IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

PAUL HELMS, an individual;

    Plaintiff,

V.

AMERICAN MEDICAL SECURITY GROUP, INC., a corporation; UNITED WISCONSIN LIFE INSURANCE COMPANY, a corporation; RONALD MIKE STELL, an individual; AMSOUTH BANK, N.A., a corporation; G. PERRY GREEN, JR., individual; FICTITIOUS DEFENDANT A, this defendant's current or former agent whose name is believed to be Williams, who was involved in the sale of the policy at issue in this case; FICTITIOUS DEFENDANT B, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which suppressed or concealed from the plaintiff any aspect of the purchase of insurance policy made the basis of this action; FICTITIOUS DEFENDANT C, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for the conduct of the defendants on the basis of respondent superior or other form of vicarious liability; FICTITIOUS DEFENDANT D, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for failing to use reasonable care or recklessly hiring, training, supervising any of the other defendants, their agents or employees; FICTITIOUS DEFENDANT E, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for any of their injuries. Plaintiff avers that the identities of the Fictitious Party Defendants herein are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known



FILED OCT 9 2002
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA



EXHIBIT D



to the Plaintiff at this time, and that their true names will be substituted by amendment when ascertained.);

· Defendants.

## SUMMONS

The service by certified mail or by Sheriff of this Summons and attached Complaint and discovery papers is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure upon the following Defendants:

**AMERICAN MEDICAL SECURITY GROUP, INC.**, a corporation; **UNITED WISCONSIN LIFE INSURANCE COMPANY**, a corporation; **RONALD MIKE STELL**, an individual; **G. PERRY GREEN, JR.**, individual; **AMSOUTH BANK, N.A.**, a corporation; **FICTITIOUS DEFENDANT A**, this defendant's current or former agent whose name is believed to be Williams, who was involved in the sale of the policy at issue in this case; **FICTITIOUS DEFENDANT B**, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which suppressed or concealed from the plaintiff any aspect of the purchase of insurance policy made the basis of this action; **FICTITIOUS DEFENDANT C**, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for the conduct of the defendants on the basis of respondent superior or other form of vicarious liability; **FICTITIOUS DEFENDANT D**, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for failing to use reasonable care or recklessly hiring, training, supervising any of the other defendants, their agents or employees; **FICTITIOUS DEFENDANT E**, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for any of their injuries. Plaintiff avers that the identities of the Fictitious Party Defendants herein are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to the Plaintiff at this time, and that their true names will be substituted by amendment when ascertained.);

## NOTICE TO DEFENDANTS

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting of denying each allegation in the complaint to PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, Birmingham, AL 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You

must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

_____
Circuit Clerk

DATED: 10/9/02

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

CIVIL ACTION NO.: CV-02-189

PAUL HELMS, an individual;

    Plaintiff,

V.

AMERICAN MEDICAL SECURITY GROUP, INC., a corporation; UNITED WISCONSIN LIFE INSURANCE COMPANY, a corporation; RONALD MIKE STELL, an individual; G. PERRY GREEN, JR., individual; AMSOUTH BANK, N.A., a corporation; FICTITIOUS DEFENDANT A, this defendant's current or former agent whose name is believed to be Williams, who was involved in the sale of the policy at issue in this case; FICTITIOUS DEFENDANT B, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which suppressed or concealed from the plaintiff any aspect of the purchase of insurance policy made the basis of this action; FICTITIOUS DEFENDANT C, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for the conduct of the defendants on the basis of respondent superior or other form of vicarious liability; FICTITIOUS DEFENDANT D, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for failing to use reasonable care or recklessly hiring, training, supervising any of the other defendants, their agents or employees; FICTITIOUS DEFENDANT E, that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for any of their injuries. **Plaintiff avers that the identities of the Fictitious Party Defendants herein**

FILED
OCT 9 2002
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

are otherwise unknown to Plaintiff at this time or, if      *
their names are known to Plaintiff at this time, their      *
identities as proper party Defendants are not known         *
to the Plaintiff at this time, and that their true          *
names will be substituted by amendment when                 *
ascertained.);                                              *
                                                            *
    Defendants.                         *

## COMPLAINT

Comes now the Plaintiff, by and through his attorneys, and brings this civil Complaint against Defendants, American Medical Security Group, Inc., United Wisconsin Life Insurance Company, Ronald Mike Stell, G. Perry Green Jr., AmSouth Bank, N.A. and fictitious defendants A-F. In support of his causes of action, plaintiff says as follows:

### STATEMENT OF THE PARTIES

1. Paul Helms is an individual above the age of nineteen years and otherwise is a fully competent resident of Barbour County, Alabama.

2. Upon information and belief, defendant, American Medical Security Group, Inc. (hereinafter "AMS"), is a Wisconsin corporation doing business in Barbour County, Alabama.

3. Upon information and belief, defendant, United Wisconsin Life Insurance Company (hereinafter "UWLIC"), is a Wisconsin corporation doing business in Barbour County, Alabama.

4. Upon information and belief defendants, Ronald Mike Stell (hereinafter "Stell") is a resident of Barbour County, Alabama and G. Perry Green, Jr. is a resident of Pike County. Both individuals are above the age of nineteen years and do business in Barbour County, Alabama.

5. Defendant, AmSouth Bank, N.A. is an Alabama corporation with it's principle place of business in Birmingham, Alabama.

6. Fictitious Defendant A is that person, firm, corporation, partnership or other entity

of whatever nature, whether singular or plural, which made any misrepresentation to the plaintiff as to any aspect of the purchase of the insurance policy made the basis of this action.

7. Fictitious Defendant B is that person, firm, corporation, partnership, or other entity of whatever nature, whether singular or plural, which suppressed or concealed from the plaintiff any aspect of the purchase of the insurance policy made the basis of this action.

8. Fictitious Defendant C is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for the conduct of the defendants on the basis of respondeat superior or other form of vicarious liability.

9. Fictitious Defendant D is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for failing to use reasonable care or recklessly hiring, training, supervising any of the other defendants, their agents or employees.

10. Fictitious Defendant E is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the plaintiff for any of his injuries.

12. The identities of each of these fictitious parties are unknown to the plaintiff at this time but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

13. On or about May 1995, the plaintiff purchased from the defendants a "MedOne" health insurance policy. This policy was underwritten by UWLIC, a wholly-owned subsidiary of AMS, who acted as the third-party administrator. At all times pertinent hereto, the subject health insurance policy was set up as an Alabama Discretionary Trust called "Prescription for Good Health Trust". Upon information and belief, Defendant AmSouth Bank served as trustee for said trust.

14. At the time the plaintiff applied for and agreed to purchase the subject health insurance policy, it was represented to him by the defendant Ronald Mike Stell, while acting within the line and scope of his employment as an agent, servant, representative, and/or employee of Defendants AMS and UWLIC, that the subject health insurance policy was a "group" policy and that any increases in premiums in the future would be equally increased over the entire group of policyholders so as to keep the premiums at a lower rate. In reality, the subject premium renewals for the plaintiff's policy were calculated based upon individual underwriting criteria. These calculations, done in violation of Alabama law, caused significant increases in the plaintiff's monthly

premium. It was suppressed from the plaintiff by the defendants that, as it relates to premium increases, the only members of the plaintiff's group was the plaintiff. Subsequently, defendant Green became the servicing agent on the subject policy. Said defendant continued to suppress from the plaintiff the true nature of the policy as described hereinabove.

## COUNT I – MISREPRESENTATION

15. The plaintiff realleges and readopts by reference paragraphs 1-14 of the Complaint as though fully set forth herein.

16. At the time the plaintiff applied for and agreed to purchase the subject health insurance policy, it was represented to him by the defendant Ronald Mike Stell, while acting within the line and scope of his employment as an agent, servant, representative, and/or employee of Defendants AMS and UWLIC, that subject health insurance policy was a "group" policy and that any increases in premiums in the future would be equally increased over the entire group of policyholders so as to keep the premiums at a lower rate. In reality, the subject premium renewals for the plaintiff's policy were calculated based upon individual underwriting criteria. These calculations, done in violation of Alabama law, caused significant increases in the plaintiff's monthly premium. It was suppressed from the plaintiff by the defendants that, as it relates to premium increases, the only members of the plaintiff's group was the plaintiff. Subsequently, defendant Green became the servicing agent on the subject policy. Said defendant continued to suppress from the plaintiff the true nature of the policy as described hereinabove.

17. These representations were false and the named defendants and fictitious defendants A-F knew they were false or made the representations recklessly without regard to the truth or falsity of the representations, or made the representations negligently.

18. The misrepresentations were made willfully, maliciously, intentionally, and/or suppressively.

19. The named defendants and fictitious defendants A-F intended for the plaintiff to rely on these misrepresentations.

20. The plaintiff justifiably and/or detrimentally reasonably relied on these misrepresentations of material fact.

21. The plaintiff did not discover and could not reasonably have discovered the actions of the defendants prior to January 2, 2002.

## COUNT II – SUPPRESSION

22. The plaintiff realleges and readopts by reference paragraphs 1-21 of the

Complaint as though fully set forth herein.

23. The named defendants and fictitious defendants A-F suppressed from the plaintiff that the policy which they purchased was re-underwritten every year on an individual basis in violation of Alabama Insurance Regulations.

24. The named defendants and fictitious defendants A-F have a duty to disclose to the plaintiff these material facts.

25. This duty arose because the parties had unequal bargaining power and the named defendants and fictitious defendants A-F had sole control over the terms and conditions of the transaction with the plaintiff.

26. This duty arose because the named defendants and fictitious defendants A-F had sole knowledge of the facts suppressed, the plaintiff was unaware of such fact and the named defendants and fictitious Defendants A-F knew the plaintiff was unaware of such facts.

27. This duty arose because the facts suppressed were highly material and the named defendants and fictitious Defendants A-F knew it was highly material.

28. The named defendants and fictitious Defendants A-F willfully, maliciously, intentionally, oppressively, recklessly and/or negligently concealed, suppressed and/or failed to disclose this material fact to the plaintiff in attempt to induce him to purchase the policy made the basis of this lawsuit.

29. The plaintiff did not discover and could not reasonably have discovered these facts until 2002.

## COUNT III – DECEIT

30. The plaintiff realleges and readopts by reference paragraphs 1-29 of the Complaint as though fully set forth herein.

31. At all times prior to this lawsuit, the defendants acting jointly, severally, and in concert through the respective agents, servants and employees, intentionally, maliciously, willfully, recklessly, consciously, deliberately, oppressively, fraudulently and/or wantonly represented material facts as true which they knew or should have known to be false with the intent to induce the plaintiff to act in a justifiable and reasonable reliance causing them to be injured and damaged.

32. Said intentional, malicious, willful, reckless, conscious, deliberate, oppressive, fraudulent and/or wanton deceptions by the defendants perpetrated upon the plaintiff include, but are not limited to, the misrepresentations, suppressions, and deceit of a material fact previously averred hereinabove in this Complaint.

33.  The plaintiff justifiably and/or reasonably and detrimentally relied on said misrepresentations and suppressions of facts were damaged thereby.

34.  The plaintiff did not discover and could not reasonably have discovered these facts until 2002.

## COUNT IV – CONSPIRACY TO DEFRAUD

35.  The plaintiff realleges and readopts by reference paragraphs 1-34 of the Complaint as though fully set forth herein.

36.  The defendants, acting jointly, severally, and in concert through the respect agents, servants and employees have contrived, combined, federated, and conspired among themselves to do the acts hereinbefore described in a conspiracy to defraud the consuming public, such as the plaintiff, to their detriment plaintiff could have not discovered prior to 2002.

## COUNT V – NEGLIGENCE AND WANTONNESS

37.  The plaintiff realleges and readopts by reference paragraphs 1-36 of the Complaint as though fully set forth herein.

38.  The defendants and fictitious Defendants A-F negligently and/or wantonly described the insurance products offered to the plaintiff.

## COUNT VI – NEGLIGENT AND WANTON HIRING, TRAINING AND SUPERVISION

39.  The plaintiff realleges and readopts by reference paragraphs 1-38 of the Complaint as though fully set forth herein.

40.  The defendants and fictitious Defendants A-F negligently and/or wantonly hired, trained and supervised their agents, servants and employees.

## COUNT VII – POST SALE FRAUDULENT CONCEALMENT

41.  The plaintiff realleges and readopts by reference paragraphs 1-40 of the Complaint as though fully set forth herein.

42.  After inducing the plaintiff to purchase the policies in question, each of the

defendants participated and engaged in a deliberate course of individual and corporate conduct which concealed from plaintiff the nature and extent of the deceptive sales practices used to sell the policies.

43. The concerted actions of the defendants were designed to, and did, in fact conceal from the plaintiff the deceptive acts and actuarial practices upon which the sales to the plaintiff had been made.

44. The plaintiff did not, and could not through the exercise of reasonable diligence, discover until 2002, that they had been misled by defendants deceptive sales tactics and intricate scheme of fraud and concealment.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment against AMERICAN MEDICAL SECURITY GROUP, INC., UNITED WISCONSIN LIFE INSURANCE COMPANY, RONALD MIKE STELL, G. PERRY GREEN, AMSOUTH BANK, N.A. and fictitious Defendants A-F in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for his injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the defendants and deter similar conduct in the future by similarly situated entities.

_____
W. Lee Pittman
Attorney for Plaintiff


_____
C. Carter Clay (CLA077)
Attorney for Plaintiff

OF COUNSEL:
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

_____
C. Carter Clay (CLA077)
Attorney for the Plaintiff

## REQUEST FOR SERVICE

Pursuant to Alabama Rules of Civil Procedure, 4.1 and 4.2, plaintiff request that the foregoing Summons & Complaint be served by certified mail, along with the initial discovery filed simultaneously herewith.

_____
Of Counsel

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

AMERICAN MEDICAL SECURITY GROUP, INC.
P.O. Box 19032
Green Bay, Wisconsin 54307-9032

UNITED WISCONSIN LIFE INSURANCE COMPANY
c/o The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama 36109

RONALD MIKE STELL
P.O. Box 370
Louisville, Alabama 36048-0370

G. PERRY GREEN, JR.
P.O. Box 515
Troy, Alabama 36081-0515

AMSOUTH BANK, N.A.
1901 6th Avenue North
Birmingham, Alabama 35203