IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| ALEXANDER MYHAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: ) CV-05-19 |
| AMERICAN MEDICAL SECURITY, INC.; et al., | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL**

COMES NOW the Plaintiff, Alexander Myhand, and files this Motion to Compel the Defendants produce the certain individuals for deposition testimony in the above-styled cause and as grounds would state as follows:

1. The Plaintiff, on January 28, 2005, filed this action in the Circuit Court of Macon County.

2. On January 28, 2005, the Plaintiff filed deposition notices specifically requesting the testimony of the following individuals: Michael Zerbel, James Modaff, Tim Moore, John McVey, William May, Dawn Jadin and Sam Miller. These individuals are current employees of American Medical Security/United Wisconsin Life Insurance Company.

3. On March 2, 2005, the Defendants American Medical Security/United Wisconsin Life Insurance Company filed a Motion to Quash and for Protective Order.

4. The Defendants' basis for their objection to the depositions is that the Defendants should be allowed to select "corporate witnesses" who are to testify under the Alabama Rules of Civil Procedure. This flies in the face of the Alabama Rules of Civil Procedure.

5. Alabama Rule of Civil Procedure 30(a) states that after commencement of the action,

any party may take the testimony of <u>any person</u>, including a party, by deposition upon oral examination.

6.  Rule 30(a) goes on to state that the party is not required to obtain leave of court to take a deposition of any person so long as the deposition does not occur prior to thirty days from service of the summons and complaint.

7.  Plaintiff has complied with Rule 30(a) and 30(b)(1) by stating the name of the person to be deposed, the time of the deposition and place of its taking. The Plaintiff has informed defense counsel for American Medical Security/United Wisconsin Life Insurance Company that it will agree to take these depositions in Green Bay, Wisconsin and that we will work with them to find a mutually convenient time and date. To date, the Defendants have ignored the Plaintiff's request to take these depositions and have, in fact, moved to quash them.

8.  Despite the Plaintiff's attempts to reconcile its differences regarding the taking of these depositions, the Defendants have indicated they will not produce individual current employees named by the Plaintiff in deposition notices for deposition testimony.

9.  Other states have addressed this issue and have determined that it is well within the trial court's discretion and authority to compel a corporate defendant to produce current employees for testimony.

10. Other states addressed this issue and determined that it is well within the trial court's discretion and authority to compel a corporate defendant to produce current employees for deposition testimony. *See Ohio Casualty Ins. Co. v. Jackman*, 621 So.2d 531 (Fla. D.C. App. 1993); *Fronczak v. Zizzi*, 743 N.Y.Supp.2d 788 (2002); *Weiner v. Jewish Home & Hospital for Aged*, 663 N.Y.Supp.2d 195 (1997) (copies of opinions attached hereto as Exhibit A.)

11.     But despite the Defendants' argument to the contrary and in light of the fact that most if not all of the individuals named in the Plaintiff's Notices of Deposition have been deposed previously, it can be hardly said that counsel for the Plaintiff does not have a good faith basis for believing these individuals possess critically relevant information to the Plaintiff's claims.

12.     The Alabama Rules of Civil Procedure vest broad discretionary authority in the trial court to control the discovery process. *See Ex parte Nissei Sangyo America*, 570 So.2d 912 (Ala. 1991). The Alabama Supreme Court has held:

> It is well settled that rules on deposition and discovery are to be broadly and liberally construed.

*See Assured Investors Life Ins. Co. v. National Union Assn., Inc.*, 362 So.2d 228 (Ala. 1978).

13.     In fact, the Defendants have attempted this same tactic in other cases pending in Alabama wherein they have objected to the depositions of specifically named individuals who are employed by these Defendants when their depositions were noticed. In *Sheri Littlefield v. American Medical Security* in the Circuit Court of Barbour County, Alabama, Clayton Division, the Honorable L. Bernard Smithart, Circuit Judge, ordered the Defendants to produce these current employees for deposition in Green Bay, Wisconsin. In fact, the Defendants appealed Judge Smithart's order by writ of mandamus. (See Order attached as Exhibit B.) This writ of mandamus was denied by the Supreme Court on March 24, 2004. (See Exhibit C.)

WHEREFORE, Plaintiff respectfully asks this Court enter an order compelling the Defendants produce the aforementioned individuals for deposition testimony in the above-styled cause.

Respectfully Submitted,

*/s/ Ted L. Mann*

TED L. MANN
Attorney for Plaintiff,
Alexander Myhand

OF COUNSEL:

Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, AL 35209
(205) 879-9661

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

Keith Thomas, Esq.
P. O. Box 830899
Tuskegee, AL 36083

James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.
Michael J. Clemmer, Esq.
Battle, Fleenor, Green, Winn & Clemmer, LLP
505 N. 20th St., Ste. 1150
Birmingham, AL 35203

This the 10th day of **March**, 2005.

*/s/*

OF COUNSEL

4