IN THE SUPREME COURT OF ALABAMA

| | |
|---|---|
| EX PARTE AMERICAN MEDICAL SECURITY, INC., et al.,<br><br>Petitioners<br><br>_____<br><br><br>SHEREE LITTLEFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL SECURITY, INC.;<br>UNITED WISCONSIN LIFE INSURANCE<br>COMPANY, a corporation; AMSOUTH<br>BANK, N.A., a corporation;<br>RONALD M. STELL, an individual,<br><br>    Defendants. | Sup. Ct. Case No.<br>_____<br><br><br><br><br><br><br>CIVIL ACTION NO.:<br><br>CV 2003-08 |

PETITION FOR A WRIT OF MANDAMUS

COME NOW petitioners American Medical Security, Inc., United Wisconsin Life Insurance Company, and AmSouth Bank ("petitioners" or "defendants"), pursuant to Rule 21(a) of the Ala. R. App. P., and file this petition for a writ of mandamus seeking review of the Circuit Court of Barbour County, Alabama's (Hon. L. Bernard Smithart) order compelling depositions on WEDNESDAY, MARCH 24, 2004 and THURSDAY, MARCH 25, 2004 of petitioners' employees that were not designated as 30(b)(6) representatives for

1214340

EXHIBIT B

Petitioners. (See Appendix to Petition for a Writ of Mandamus (("Appx.") 1-5).

## I. STATEMENT OF THE CASE

### A. Proceedings In The Trial Court.

Plaintiff Sheree Littlefield filed this action against American Medical Security, Inc. ("AMS"), United Wisconsin Life Insurance Company ("UWLIC"), AmSouth Bank ("AmSouth") and Ronald M. Stell with the Circuit Court of Barbour County, Alabama on or about January 17, 2003 (hereinafter, the "Littlefield case")[1]. (Appx. 6-16). Littlefield asserted claims of fraud, breach of contract, negligent conduct, suppression, breach of fiduciary duty, negligent procurement and negligent training and supervision against AMS, UWLIC, AmSouth and independent insurance agent Stell. (Appx. 6-16). Littlefield's claims were based on representations allegedly made to her or material facts omitted during a sales presentation related to a health insurance policy offered by defendants. (Appx. 6-16).

On January 9, 2004, plaintiff's counsel sent a letter to defendants' counsel requesting deposition dates in eight

---

[1] This case is one of approximately thirty-six that plaintiff's counsel has filed throughout the state.

1214340                                       2

separate cases for defendants' employees Michael Zerbel, John McVey, Tim Moore, Joseph Keen and James Modaff, all of whom reside in the state of Wisconsin. (Appx. 17-18). This letter indicated that the secretary for plaintiff's counsel would be contacting defendants' counsel to arrange deposition dates for the aforementioned employees. Id. Plaintiff counsel's secretary then drafted a letter on January 20, 2004 requesting the deposition dates for these individuals. (Appx. 19-20).

Following this letter, defendants' counsel supplied the dates of March 24-25, 2004 for depositions to be taken in the case of Jonathan McCreary v. American Medical Security, et al., in the Circuit Court of Mobile County, Alabama, Civil Action Number CV-03-115. Plaintiff's counsel responded in a February 2, 2004 letter insisting that the depositions go forward in the cases of Bernard Cox, et al. v. American Medical Security, Inc., in the Circuit Court of Barbour County, Alabama, Civil Action Number CV-03-155 and Katherine Hall v. American Medical Security, et al., in the Circuit Court of Mobile County, Alabama, Civil Action Number CV-03-111 (the Hall case was not even identified as one of the cases in which plaintiffs wanted to take

1214340                                3

depositions in plaintiffs' initial letter). (Appx. 21-22). Furthermore, plaintiffs' counsel's list of employees who he wished to depose changed from the list provided on January 9, 2004. Defendants' counsel responded on February 9, 2004, informing plaintiffs' counsel that defendants would make corporate representatives available in the cases plaintiff designated pursuant to Rule 30(b)(6) on March 24th and 25th, but defendants would be unable to make employees available for deposition in their individual capacity. (Appx. 22-24).

Plaintiff's counsel, however, vehemently opposed compliance with the rules for the requested depositions, stating in a February 18, 2004 letter that defendants' requests for a 30(b)(6) notice were "extremely unreasonable." (Appx. 25-27). Plaintiff's counsel also stated that defendants' actions in requesting 30(b)(6) notices were "unreasonable and arbitrary" and that because of this request the "professional" and "working relationship" with plaintiff's counsel will "deteriorate rather rapidly." (Appx. 25-27)

Plaintiff requested to take individual depositions in the Littlefield case on March 24 and 25 for the first time

in a letter dated February 27, 2004. (Appx. 28-29). Defendants' counsel responded on March 4, 2004, reiterating that plaintiff needed to comply with Rule 30(b)(6) in order to take the corporations' depositions. (Appx. 30-31). Plaintiff never served defendants with a Rule 30(b)(6) deposition notice; nor did plaintiff even attempt to subpoena the individuals plaintiff seeks to depose. Nevertheless, plaintiff's counsel filed a Motion to Compel Deposition Testimony in the Circuit Court of Barbour County on March 4, 2004. (Appx. 32-49). Oral arguments were heard on March 16, 2004 and the Court improperly granted plaintiff's Motion to Compel on March 19, 2004. Because the court's order requires that the depositions take place on March 24-25, 2004, defendants are submitting this emergency petition for a writ of mandamus to the Supreme Court of Alabama together with a Motion to Stay Proceedings.

B. <u>Standard of Review</u>

Where, as here, the issue raised in a petition for a writ of mandamus is the correctness of a trial court's order compelling the depositions of defendants' employees who are not Rule 30(b)(6) representatives and who have not

been properly subpoenaed, the writ will issue if there is a "clear showing of error on the part of the trial court." <u>Ex parte Swift Loan and Fin. Co., Inc.</u>, 667 So. 2d 706 (Ala. 1995); <u>Ex parte Pike Fabrication, Inc.</u>, 2002 WL 31630702 at *1.

## II. STATEMENT OF THE ISSUES

Whether this Court should issue the writ when the trial court clearly abused its discretion or otherwise erred in compelling the depositions of defendants' employees who are not Ala. R. Civ. P. 30(b)(6) representatives and who have not been properly subpoenaed.

## III. RELIEF SOUGHT

Petitioners request that the Court issue a writ of mandamus to the Circuit Court of Barbour County (Hon. L. Bernard Smithart) directing that the trial court deny plaintiff's Motion to Compel the depositions of defendants' employees who have not been designated as Ala. R. Civ. P. 30(b)(6) representatives and who have not been properly subpoenaed. Petitioners further request that this Court stay the depositions until this issue is resolved.

6

IV. <u>STATEMENT OF THE FACTS</u>

The facts relevant to the issues presented for review are set forth in the statement of the case, <u>supra</u>.

V. <u>REASONS WHY THE WRIT SHOULD BE GRANTED</u>

A. <u>Petitioners Have Established The Required Elements For The Writ To Be Issued.</u>

A party seeking a writ of mandamus must show: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court." <u>Ex parte Lyon Fin. Serv., Inc.</u>, 775 So. 2d 181, 182-83 (Ala. 2000).

As shown below, Petitioners have "a clear legal right to an order directing the trial court to [deny the motion to compel depositions of employees who were not designated as 30(b)(6) representatives]." <u>Ex parte Lyon Fin. Serv., Inc.</u>, 775 So. 2d at 184. As a result, the trial court has an imperative duty to deny plaintiffs' motion to compel. Petitioners' legal rights, moreover, "cannot adequately be protected by appellate review of final judgment." <u>Ex parte Roberts</u>, 662 So. 2d 229, 231 (Ala. 1995). Furthermore, given the fact that the trial court ordered that the depositions go forward this week, its ruling "effectively

1214340                                7

traps" defendants and their employees into submitting to depositions which are contrary to Alabama law. <u>Ex parte Pike Fabrication, Inc.</u>, 2002 WL 31630702 at *4 (Ala. 2002); Ala. R. Civ. P. 30(b)(6). Therefore, this Court - which indisputably has jurisdiction over this issue - should grant the petition and issue the writ.

B. <u>The Trial Court's Order Compelling The Depositions Of Employees Who Were Not Designated As Defendants' 30(b)(6) Representatives And Who Were Not Properly Subpoenaed Clearly Violates The Express Provisions Of Rule 30(b)(6) of the Alabama Rules Of Civil Procedure.</u>

The trial court does not have jurisdiction over the out of state individuals that plaintiff seeks to depose, therefore, defendants are not required to make the individuals available for deposition. <u>Powers v. CSX Transp., Inc.</u>, 2001 WL 1190243 (S.D. Ala. 2001) (A copy of <u>Powers</u> is attached hereto; Appx. 50-55). In letters to defense counsel, plaintiff's counsel simply requested deposition dates for specifically identified employees of defendants AMS and UWLIC. Plaintiff has never subpoenaed these employees, nor has plaintiff even attempted to depose the corporate representatives of defendants. Because these defendants are corporations, the proper deposition

1214340

8

procedure is governed by Ala. R. Civ. P. 30(b)(6) which provides:

> A party may in the party's <u>notice</u> and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and <u>describe with reasonable particularity</u> the matters on which examination is requested. In that event, <u>the organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf</u>, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a nonparty organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

Ala. R. Civ. P. 30(b)(6) (2003) (emphasis added).

Parties cannot deviate from Rule 30(b)(6) and require specifically identified employees to attend a deposition absent a properly served subpoena. <u>Powers v. CSX Transp., Inc.</u>, 2001 WL 1190243. In <u>Powers</u>, the United States District Court for the Southern District of Alabama held that requiring depositions of employees that were not designated as 30(b)(6) representatives was "an inappropriate use of Rule 30(b)(6)." 2001 WL 1190243 at *4 (S.D. Ala. 2001). The Court stated that Rule 30(b)(6) "requires the requesting party to identify 'the matters on

1214340

9

which examination is requested,' leaving it to the organization to identify one or more deponents." Id. (quoting Ala. R. Civ. P. 30(b)(6)). "[T]he corporation cannot be required to produce persons, even employees, who are deposed in their individual capacity rather than as 30(b)(6) representatives of the corporation." Id. "[T]he plaintiff must serve the deponents themselves along with any required subpoena and fees." Id.[2]

Here, Plaintiff has <u>not</u> served the individual employees with the required subpoena and fees. Rather, plaintiff has simply requested dates for the individual depositions and moved to compel the depositions when defendants informed plaintiffs that they could not make the employees available for deposition absent a subpoena. Nevertheless, the trial court's order would require that the individuals appear for deposition on March 24th and 25th. Plaintiff's motion, and the trial court's order granting the motion, ignore the

---

[2] This Court has held that cases construing Federal Rules of Civil Procedure are authority for construction of Alabama Rules of Civil Procedure. <u>Ex parte Dorsey Trailers, Inc.</u>, 397 So. 2d 98, 103 (Ala. 1981). In the present case where the rule at issue -- Ala. R. Civ. P. 30(b)(6) -- is identical to its federal court counterpart, this principle of construction is particularly applicable.

10

requirements of the Alabama Rules of Civil Procedure and the clear holding in Powers.[3]

The trial court's reliance on Ex parte Nissei Sangyo America, 577 So. 2d 912 (Ala. 1991) as support for its authority to compel the depositions of employees in their individual capacity is misplaced. In Nissei, this Court required an out of state corporation to make a corporate representative available for deposition. In doing so, the Court simply held that Alabama courts have jurisdiction over corporations that do business in Alabama. However, the Nissei holding does not give Alabama courts jurisdiction over the individual employees of out of state corporations. In order to compel the depositions of individual employees who are not acting as representatives of the corporation, the trial court must erroneously find that it has jurisdiction over these individuals. Such a finding is not supported by Nissei or any other Alabama

---

[3] Defendants did not submit a written response to plaintiff's motion to compel because defendants' counsel did not receive the motion until the day before oral argument on the motion and the motion did not appear on the trial court's docket. However, defendants did argue that the reasoning of the Powers court required the trial court to deny plaintiff's motion. Defendants also provided the trial court with a copy of the Powers opinion.

1214340                        11

law, thus <u>Nissei</u> is not proper support for the trial court's order.

The Court's reliance on two other out of state cases cited by the plaintiff is also misplaced. Specifically, the plaintiff cited and the Court relied upon <u>Weiner v. Jewish Home: Hosp. for Aged</u>, 663 N.Y.S. 2d 195 (N.Y. Sup. Ct. 1997) and <u>Ohio Cas. Ins. Co. v. Jackman</u>, 621 So. 2d 531 (Fla. Dist. Ct. App. 1993). In neither of these cases is there any indication of the procedure that the parties initially sought to take the depositions in question. Indeed, it is very likely that the requesting party issued subpoenas and subsequently received objections. Moreover, there is no indication whatsoever that the applicable rules of procedure are identical to Ala. R. Civ. P. 30(b)(6) or Fed. R. Civ. P. 30(b)(6). Indeed, it appears that under New York's rules, particularly CLRP 3106, that under certain situations, a party may designate specific individuals within a corporation to be deposed without a subpoena. However, CLRP 3106(d) appears to provide the corporation with a remedy in the event the noticing party's designations become abusive or harassing.

Because Ala. R. Civ. P. 30(b)(6) is neither unclear nor ambiguous, the Court should not add additional provisions like those that apparently were specifically added to New York's CLRP 3106. Rather, if plaintiff wishes to depose individuals separate from those designated pursuant to Rule 30(b)(6), there is a procedure pursuant to Rule 45 that is available.

Rather than erroneously attempting to exercise jurisdiction over the out of state individuals, the trial court should require plaintiff to comply with the rules in place if plaintiff wishes to depose the out of state individual employees. "The plaintiff must serve the deponents themselves, along with any required subpoena and fees." <u>Powers</u>. Plaintiff can, therefore, follow the correct procedure of Alabama law and issue subpoenas to these individuals if their deposition testimony is needed. Furthermore, if plaintiff follows the correct procedure articulated in Rule 30(b)(6), defendants will aptly supply a corporate representative or representatives that can adequately answer plaintiff's deposition questions regarding the areas that plaintiff has described with reasonable particularity. As it stands now, however,

13

plaintiff's counsel has effectively evaded the express provisions of Ala. R. Civ. P. 30(b)(6). Therefore, this Court should enter an order rectifying the situation.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant this petition for writ of mandamus and direct the trial court to enter an order stating that the plaintiff must conform to the procedures specified in Rule 30(b)(6) of the Alabama Rules of Civil Procedure regarding the depositions of corporations. This is the only result consistent with Alabama law. Furthermore, this Court should stay the deposition proceedings until this matter is resolved.

Respectfully Submitted,

_____
James E. Fleenor Jr. (FLE013)
Harlan F. Winn, III (WIN023)
Ricky J. McKinney (MCK030)
Attorneys for Defendants
AMERICAN MEDICAL SECURITY, INC.; UNITED WISCONSIN LIFE INSURANCE COMPANY; AMSOUTH BANK AND RONALD M. STELL

OF COUNSEL:

Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Joel P. Smith, Jr.
Williams, Potthoff, Williams & Smith
P. O. Box 880
Eufaula, AL 36072-0880
Telephone: (334) 687-5845
Facsimile: (334) 687-5722

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon all counsel of record in this case via facsimile and by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

C. Carter Clay, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203

The Honorable Burt Smithart
Presiding Judge
Barbour County Circuit Court, Eufaula Division
Courthouse
303 E. Broad Street
Eufaula, Alabama 36027

on this the 22nd day of March, 2004.

FILED
SEP 1 5 2004
RUSTY NICHOLS, CLERK
Marengo County, Alabama

OF COUNSEL

1214340

15