4-25-05

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ALEXANDER MYHAND,                          )
                                           )
    Plaintiff,                          )
                                           )
v.                                         )   CIVIL ACTION NO.  CV-05-19
                                           )
AMERICAN MEDICAL SECURITY, INC., et        )
al.,                                       )
                                           )
    Defendants.                         )
                                           )

## MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF ALEXANDER MYHAND

    **COME NOW** defendants, American Medical Security, Inc. ("AMS") and United Wisconsin Life Insurance Company ("UWLIC"), by and through their undersigned counsel, and pursuant to Alabama Rule of Civil Procedure 37(a)(2), hereby move this Court to enter an Order compelling Plaintiff Alexander Myhand ("Myhand") to respond to Defendants' interrogatories and request for production of documents. As grounds therefor, AMS and  UWLIC state as follows:

    1.    On March 2, 2005, Defendants served Myhand with Interrogatories and Requests for Production. Myhand was required to respond to Defendants' discovery requests by April 1, 2005. See ALA. R. CIV. P. 33(b)(3); ALA. R. CIV. P. 34(b); ALA. R. CIV. P. 6(e). However, as of the date of this motion, Defendants have not received responses to the interrogatories or the documents requested in the requests for production. Myhand has also failed to move for an enlargement of time to respond to the discovery and has not responded to defense counsel's correspondence regarding the overdue discovery.

2.    In accordance with Alabama Rule of Civil Procedure 37(a)(2), counsel for AMS and UWLIC "has endeavored to resolve the subject [this] discovery motion through correspondence or discussions with opposing counsel." However, because defense counsel have received no response to their request for Myhand's overdue discovery responses, Defendants are forced to file this motion.

3.    Additionally, Defendants served Requests for Admission on Plaintiff on April 18, 2005. Due to Plaintiff's dilatory tactics in this case, Defendants ask the Court to order Plaintiff to timely respond to these Requests for Admissions as set forth in Rule 36 of the Alabama Rules of Civil Procedure.

4.    Furthermore, Defendants noticed Myhand's deposition on March 2, 2005 for a mutually agreeable time and place. Plaintiff's counsel has stated that he will not make his client available for deposition until he has deposed numerous employees of AMS. (4-22-05 Letter, Exh. A; Deposition Notices, Exh. B). These depositions are the subject of the Motion to Quash and for Protective Order filed by defendants on March 2, 2005. The validity of taking the AMS employees' depositions is hotly disputed and the Court has not yet ruled on the Motion to Quash. In contrast, there is no doubt that Defendants are entitled to depose Plaintiff Myhand and that Myhand's deposition is crucial.

5.    Plaintiff's counsel cannot hold Plaintiff's deposition "hostage" as leverage for taking other, disputed depositions. Myhand brought suit against AMS and UWLIC and the defendants' right to depose him regarding his claims is unfettered by the fact that other unrelated issues are pending before the Court. Therefore, Defendants ask the Court to order Plaintiff to make himself available for deposition within thirty (30) days of responding to the discovery which is also the subject of this motion.

**WHEREFORE, PREMISES CONSIDERED,** AMS and UWLIC respectfully request this Court to enter an Order compelling Myhand to respond to Defendants' Interrogatories and Requests for Production. Defendants also request that Plaintiff be ordered to timely respond to Defendants' Requests for Admission and to make himself available for deposition within thirty (30) days of responding to Defendants' discovery. Defendants request such other, further and different relief as this Court deems proper and just.

### ORAL ARGUMENT REQUESTED

*/s/ C. Hancock*

Ricky J. McKinney (MCK030)
D. Brian O'Dell (O'D005)
Christian W. Hancock (WAT070)
BURR & FORMAN, LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

James E. Fleenor, Jr. (FLE013)
Harlan F. Winn, III (WIN023)
Michael J. Clemmer (CLE029)
BATTLE FLEENOR GREEN WINN
  & CLEMMER, LLP
The Financial Center
505 North 20th Street, Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8162
Facsimile: (205) 397-8179

Attorneys for Defendants
AMERICAN MEDICAL SECURITY, INC. AND
UNITED WISCONSIN LIFE INSURANCE
COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following counsel of record by placing same in the United States mail, postage prepaid, addressed as follows:

Ted L. Mann, Esq.
Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, Alabama 35209


On this the 25th day of April, 2005.


_C. Hammill_
OF COUNSEL