IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| ALEXANDER MYHAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO: CV-05-19 |
| AMERICAN MEDICAL SECURITY, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT AMSOUTH BANK'S MOTION TO DISMISS FIRST AMENDED AND RESTATED COMPLAINT

Defendant AmSouth Bank ("AmSouth"), pursuant to Rule 12(b)(6) of the *Alabama Rules of Civil Procedure*, moves the Court for an Order dismissing it from this case because Plaintiff's First Amended and Restated Complaint ("Amended Complaint") fails to state a claim against Amsouth upon which relief may be granted. In support of its motion, AmSouth shows the following:

1. On January 28, 2005, Plaintiff filed a lawsuit against *inter alia*, AmSouth. Specifically, Plaintiff sued AmSouth based on its position as "the trustee of the Prescription For Good Health Trust" (the "Trust"). (*See* Complaint, ¶6). On March 2, 2005, AmSouth filed a Motion to Dismiss the Complaint.

2. On or about April 14, 2005, Plaintiff served the Amended Complaint wherein Plaintiff again alleges that AmSouth is liable to Plaintiff based on its position as "the trustee of the Prescription For Good Health Trust". (*See* Amended Complaint, ¶6). Further, Plaintiff asserts a new allegation that AmSouth is liable to Plaintiff as "the primary policy owner of the group health policy of which the Plaintiff was a participant." (*See* Amended Complaint, ¶6). In

the Amended Complaint, Plaintiff also alleges a new claim against AmSouth for breach of contract. (*See* First Amended Complaint, Count Nine).[1]

3.  All of Plaintiff's claims against AmSouth are due to be dismissed for failure to state a claim upon which relief can be granted. In support of its Motion to Dismiss as it relates to Counts One through Eight of the Amended Complaint, AmSouth relies on its Motion to Dismiss filed on or about March 2, 2005 which is incorporated by reference as if fully set forth herein.

4.  Plaintiff's newly added claim for breach of contract against AmSouth is also due to be dismissed. Plaintiff alleges AmSouth "had obligations to the participants to <u>provide</u> group health insurance" under the trust agreement and that AmSouth "failed to provide group health insurance to the Plaintiff. . . ." (First Amended Complaint, Count Nine) (emphasis added).

5.  In order to state a viable cause of action for breach of contract, a plaintiff must show "(1) the existence of a valid contract binding the parties in the action, (2) plaintiff's own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Congress Life Insurance Co. v. Barstow*, 799 So. 2d 931, 937 (Ala. 2001); *see also, Ex parte Alfa Mut. Insurance Co.*, 799 So. 2d 957, 962 (Ala. 2001).

6.  The trust agreement clearly shows that AmSouth has no obligation to provide group health insurance to Plaintiff. (See Exhibit A to Amsouth's Motion to Dismiss). In particular, the trust agreement states "[t]he purpose of this Trust is to provide insurance programs for Participants <u>through contracts issued to the Trustee by insurers or affiliates of insurers</u>." (*Id.* at 1) (emphasis added). The trust agreement further provides that "[t]he Trustee will be the holder, owner and custodian of the contracts, <u>but will not perform any administrative duties or</u>

---

[1] In the Amended Complaint, Plaintiff no longer asserts a claim for negligence and wantonness, which was Count Six in the Complaint, but again asserts each of the other claims contained in the Complaint; consequently, Counts Seven, Eight, and Nine of the Complaint are now Counts Six, Seven and Eight in the Amended Complaint.

responsibilities for such contracts." (*Id.* at 1) (emphasis added). Moreover, the trust agreement states that "[t]he Trustee shall not assume any responsibilities, nor be liable for collection, remittance, forwarding or payment of premium, nor shall it have any responsibility or liability to continue, renew, or replace coverage in the event of its cancellation or termination, nor shall the Trustee have any duty or responsibility with respect to processing, settlement, or payment of claims under the group insurance contracts issued to Trustee." (*Id.* at 2) (emphasis added).

7. Contrary to Plaintiff's allegations, AmSouth had no obligation to "provide" group health insurance to Plaintiff based on the clear language of the trust agreement. Instead, AmSouth merely served as "the holder, owner, and custodian" of the insurance contracts. Consequently, AmSouth did not breach any alleged obligation owed to Plaintiff under the trust agreement. As such, Plaintiff's claim for breach of contract against AmSouth is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant AmSouth respectfully requests this Court to enter an Order dismissing the Plaintiff's First Amended and Restated Complaint.

ORAL ARGUMENT REQUESTED

Respectfully submitted,

/s/ _____
James E. Flechor, Jr. (FLE-013)
Harlan F. Winn, III (WIN-023)
Michael J. Clemmer (CLE-029)
Attorneys for Defendant
AMSOUTH BANK

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: jfleenor@bfgwc.com
       hwinn@bfgwc.com
       mclemmer@bfgwc.com

Ricky J. McKinney (MCK030)
**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 20th Street North
Birmingham, AL 35203
Telephone: (205) 251-3000
Fax: (205) 458-5100

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following counsel of record by placing same in the United States mail, postage prepaid, addressed as follows:

Ted L. Mann, Esq.
Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, AL 35209

On this the 3 day of May, 2005.

OF COUNSEL

5