# PRESCRIPTION FOR GOOD HEALTH TRUST AGREEMENT

Agreement, made and entered into as of __March 31__, 19_94_, at Montgomery, Alabama, between AmSouth Bank, N.A. (hereinafter called "Trustee"), and Participants who desire to become Members of this Trust subsequent to its execution. American Medical Security (hereinafter called "the Administrator") has appointed AmSouth Bank, N.A., or any corporate sucessor, to its Trust business, as the successor Trustee pursuant to paragraph 15 herein.

Participants become Members of the Trust which was established on __August 1__, 19_91_, pursuant to completion of an application for group insurance and upon acceptance of such application by the Administrator acting on behalf of an insurer.

## WITNESSETH

The purpose of this Trust is to provide group insurance programs for Participants through contracts issued to the Trustee by insurers or affiliates of insurers. Said programs shall provide group medical, life, accidental death and dismemberment, loss of income, dental and other insurance coverages contemplated by the Trust for eligible Participants and their dependents.

The Participants authorize the Trustee to procure contracts of insurance from United Wisconsin Life Insurance Company and United Wisconsin Insurance Company (hereinafter called "Insurers"). The Trustee will be the holder, owner and custodian of the contracts, but will not perform any administrative duties or responsibilities for such contracts. Such duties and responsibilities shall be delegated to a third party administrator designated by Insurers to perform such administrative duties. Unless and until a new third party administrator is designated by Insurers by giving written notice thereof to Trustee, the Trustee agrees to follow the instruction of Administrator. Actions of both the Trustee and the Administrator are subject to the conditions and limitations hereinafter set forth.

NOW THEREFORE, in consideration of the promises and mutual covenants and conditions hereinafter contained, the parties agree as follows:

1.

EXHIBIT B

1. Where the following words and phrases appear in this Trust, they shall have the respective meanings set forth below, unless their context clearly indicates to the contrary.

    a. "Administrator" shall mean American Medical Security.

    b. "Participant" shall mean any acceptable person who:

        i. accepts the obligations of the Trust through the adoption of a written subscription agreement and application for group insurance; and

        ii. is otherwise approved by the Administrator acting on behalf of the Insurers.

    c. "Insurers" shall mean United Wisconsin Life Insurance Company and United Wisconsin Insurance Company.

2. The Trustee agrees to accept this Trust arrangement, shall act as holder of the group insurance contracts, shall sign such contract applications as may be prepared by the Administrator, and shall act as policyowner for all such documents.

3. The Trustee shall not assume any responsibilities nor be liable for collection, remittance, forwarding or payment of premium, nor shall it have any responsibility or liability to continue, renew or replace coverage in the event of its cancellation or termination, nor shall the Trustee have any duty or responsibility with respect to processing, settlement or payment of claims under the group insurance contracts issued to the Trustee.

4. The Trustee shall not be liable for any action taken or omitted upon the instruction of the Administrator or Insurers. Nor shall the Trustee be liable for any action taken in good faith. The Trustee shall not be required to give any bond or other security for the faithful performance of its duties hereunder. The Trustee shall be entitled to rely on any information furnished to it by the Administrator or Insurers.

5. The Trustee shall promptly turn over all correspondence and monies it receives to the Administrator.

6. The Trustee is not authorized to incur any expense or obligation for itself or for any individual, in connection with the administration of the group insurance programs afforded under this Agreement, except at the direction of the Administrator. All Trustee expenses for service and material are to be borne exclusively by the Insurers and/or the Administrator.

7. The Trustee may resign by mailing a written notice by registered mail to the Insurers not less than thirty (30) days prior to the effective date of the resignation.

8. The Administrator shall from time to time prepare applications to the Insurers for group insurance contracts, in amounts and subject to conditions as the Administrator shall determine in accordance with the purpose of this Trust and requests of the Participants. Such applications shall be subject to written acceptance of the Trustee.

9. The Administrator agrees to assume responsibility of any and all administrative duties in connection with the insurance programs provided to Participants of the Trust, including but not limited to: receiving and accepting applications for group insurance from Individuals to participate in the group insurance programs under the Trust, collecting all premiums, issuing certificates, receiving and processing claims, handling all correspondence concerning the insurance programs, depositing funds without any liability to invest or pay interest thereon, and making payments as required.

10. Administrator shall be responsible for remitting to Insurers net risk premium payments, as agreed to by Administrator and Insurers.

11. The Administrator agrees to pay the Trustee a reasonable annual fee for each year that this Trust Agreement is in force, in consideration of the services rendered by the Trustee pursuant to this Agreement, and to reimburse the Trustee for all its expenses. Such expenses shall include court costs and reasonable attorney fees in the event that the Trustee is a party to litigation, or in the event the Trustee reasonably feels it should consult legal counsel regarding Trustee powers and duties pursuant to this Agreement.

12. The Administrator agrees to prepare and file all documents and forms that may now or hereafter be required by law, including all Federal, State and local tax and information returns. All taxes due as a result of these returns will be borne by the Administrator and Insurers.

13. The Administrator agrees to defend and hold the Trustee harmless of and from any and all claims or demands made or brought against the Trustee by any person, firm, corporation, or group arising out of its undertaking to act as Trustee hereunder, and from and against any losses the Trustee may incur or sustain in connection with this Trust occasioned by any act, neglect, or misconduct of the Administrator or prior Trustees, and to save the Trustee free of and from any liability whatsoever, except for actions of the Trustee of proven negligence or willful misconduct.

14. The Insurers may terminate the appointment of the Trustee or any successor Trustee, with or without cause, on thirty(30) days notice, by mailing or delivering to the Trustee or successor Trustee a written notification to such effect.

15. The Administrator, acting as agent for Participants of the Trust, shall immediately appoint a successor Trustee in the event the Trustee resigns or is removed, becomes incapacitated, or is otherwise not able or is no longer willing to act as Trustee.

16. Each successor Trustee appointed hereunder shall have the same rights, duties, and immunities conferred or imposed herein upon the Trustee, provided, however, that a successor shall not be liable for acts or neglect of any predecessor Trustee.

17. There shall be no direct or implied obligation upon any Participant of this Trust arising out of this Agreement, except for the payment of premium to the Administrator.

18. No insured Participant, or beneficiary of an insured Participant, shall have any claim against the Trust. The rights and interests of any person insured or beneficiary of such person, shall be limited to the insurance benefits specified in the group insurance program contracts.

19. Neither the Trustee, nor any Participant or beneficiary of an insured Participant, shall be liable for failure or omission by the Administrator or any insurer for any reason to pay any benefit or furnish any services under the group insurance policies issued to the Trust.

20. Participants hereby agree that this Trust Agreement may be amended in writing at any time without notice to Participants, if such amendment is made by unanimous consent of the Trustee and Insurers. No amendment shall alter the purpose of the Trust.

21. a. Any Participant may withdraw from the Trust by giving the Administrator a written notice in advance of the date such withdrawal is to become effective. The withdrawn Individual shall have no further right or interest under this Trust following his or her withdrawal.

    b. If any Participant fails to make any payment of premium it may be required to make within the time specified therefor or any applicable grace period, the participation of such Participant under this Trust is terminated and the coverage may terminate under the terms of any applicable insurance contract, and such Participant shall have no further right or interest under this Trust. Further, the Participant's participation in this Trust may terminate on any other terms and conditions entitling an Insurer to terminate such Participant's continued coverage under the terms of any applicable insurance contract, and such Participant shall have no further right or interest under this Trust following termination of its participation.

22. This Trust Agreement shall terminate one hundred (100) days after the termination date of the last insurance contract held by the Trustee or upon ten (10) days written notice to Trustee by Insurers.

23. This Trust Agreement is executed under the Laws of the State of Alabama, and the Laws of the State shall control in determining the validity, meaning, effect and enforcement hereof.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hand and seal the day and year first above written.

ATTEST:                                              AMSOUTH BANK,
                                                     N.A. TRUSTEE

*[signature]*                                        By *[signature]*

                                                     *[signature]*
                                                     Name and Title


                                                     AMERICAN MEDICAL SECURITY, INC.
                                                     ADMINISTRATOR

*Jacqui Bronaugh*                                    By *[signature]*


                                                     Wallace J. Hillard, President
                                                     Name and Title