[DIRECT MAIL NOTICE]

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| VIVIAN GADSON, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>UNITED WISCONSIN LIFE )<br>INSURANCE COMPANY; AMERICAN )<br>MEDICAL SECURITY, INC.; and )<br>AMSOUTH BANK, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.: CV-02-1601 |

NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

THIS NOTICE MAY AFFECT YOUR RIGHTS -
PLEASE READ IT CAREFULLY

TO: PRESENT AND FORMER CERTIFICATE HOLDERS IN ALABAMA AND GEORGIA WHO PURCHASED MEDICAL INSURANCE FROM UNITED WISCONSIN LIFE INSURANCE COMPANY

PLEASE BE ADVISED THAT A CLASS ACTION LAWSUIT HAS BEEN CERTIFIED ON BEHALF OF ALL PERSONS WHO PURCHASED OR RENEWED IN ALABAMA OR GEORGIA A CERTIFICATE OF MEDICAL INSURANCE FROM UNITED WISCONSIN LIFE INSURANCE COMPANY WHICH WAS NOT ISSUED AS SMALL EMPLOYER GROUP COVERAGE OR UNDER ANY OTHER EMPLOYER-SPONSORED GROUP HEALTH PLAN. YOU HAVE BEEN IDENTIFIED AS POTENTIALLY FALLING WITHIN THIS GROUP. PLEASE READ THIS NOTICE CAREFULLY BECAUSE IT MAY AFFECT YOUR RIGHTS.

1208116


EXHIBIT J

1. This case involves an action commenced against defendants, United Wisconsin Life Insurance Company; American Medical Security, Inc.; Prescription for Good Health Trust and AmSouth Bank, by an individual who purchased or renewed in Alabama or Georgia a certificate of medical insurance from United Wisconsin Life Insurance Company which was not issued as small employer group coverage or under any other employer-sponsored group health plan. Plaintiff alleges that defendants breached fiduciary duties owed to plaintiff and the class and also misrepresented certain attributes of the insurance coverage.

2. Defendants deny each and every claim. Notwithstanding their belief that this Action is meritless, defendants have elected to settle this case in order to avoid the burden and expense of litigation and to reaffirm their commitment to customer satisfaction.

3. The Court has not yet ruled on the merits of plaintiff's allegations or on the denials and other defenses made by defendants. The Court has, however, conditionally certified this lawsuit as a class action, and the Court has been presented with a proposed settlement for its approval or rejection. This certification and proposed settlement may affect your rights. You should, therefore, read this notice carefully.

## ABOUT CLASS ACTIONS

4. A class action is a type of lawsuit in which one or a few named plaintiffs brings a lawsuit on behalf of all the members of a similarly situated group, to recover damages for all of the group without the necessity of each member filing his or her own lawsuit or appearing as an individual plaintiff. Class actions are used by the courts where the basic issues of law and fact raised by all claims are common ones, so that it is fair to bind all class members to the orders and judgments made in the case, without the necessity of hearing essentially the same claims over and over. Use of the class action eliminates the necessity of filing multiple suits and assures that all class members are bound by the results of the lawsuit.

## CLASS ACTION RULING

5. By order of April 6, 2004, the Court conditionally certified this action for the purpose of considering the proposed settlement. The settlement class is defined as follows:

> All persons and entities (including the named plaintiff) in Alabama or Georgia who, at any time purchased or renewed in Alabama or Georgia a certificate of medical insurance from United Wisconsin Life Insurance Company. Specifically excluded from the class are: (a) any holders of certificates of insurance whose insurance coverage through United Wisconsin Life Insurance Company at all times has been issued solely as small employer group coverage or under any other employer sponsored group health plan; (b) persons presently in a bankruptcy proceeding; (c) persons that have pending against one or more of the named defendants on the date of the Court's certification order any individual action wherein recovery sought is based in whole or in part on the type of claims asserted in this Action; (d) persons who, as to a particular defendant, have previously obtained a judgment or settled any claims against that same defendant concerning the type claims asserted herein or have previously executed releases, releasing any such claims against the same defendant; (e) persons whose insurance coverage through any defendant at all times has been issued solely through a policy of insurance that is part of an employee welfare benefit plan, pension plan or any similar type plan that is governed by the ERISA statutes; and (f) persons currently serving as a judge or justice of any federal court in Alabama or Georgia.

6. The Court has also certified Vivian Gadson as representative of the class to prosecute this action, or to pursue its settlement, on your behalf if you do not elect to exclude yourself from the class in the manner described below.

7. The Court has also certified Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., and Lowe, Grammas, Hitson & Dana, LLP, as counsel for the class to prosecute this action, or to pursue its settlement, on your behalf if you do not elect to exclude yourself from the class in the manner described below. If you wish to communicate with Class Counsel, or if you have COMPLAINTS ABOUT, OR OBJECTIONS TO THE SETTLEMENT, YOU SHOULD WRITE TO:

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

DO NOT WRITE OR CALL THE COURT TO CONTACT CLASS COUNSEL OR TO REGISTER COMPLAINTS OR OBJECTIONS TO THE SETTLEMENT.

## THE PROPOSED SETTLEMENT

8.  Under the proposed settlement, all members of the class may receive a combination of cash refunds, premium credits on future premium payments and injunctive relief. Relief that would be provided to class members under the proposed settlement includes:

(a) Class members will be entitled on a claims-made basis to a refund equal to sixty-seven percent (67%) of the amount the individual class member paid in premiums as a result of his or her individual health status being considered to determine renewal premiums less the amount he or she would have paid had a 10% durational factor been applied at renewal in lieu of taking individual health status into account. The refund amount to individual class members shall be reduced by the amount of any refund previously provided to the individual.

(b) Defendants shall provide premium credit vouchers of $10 per month for twenty-four (24) months, a total value of $240.00 per class member, to all class members who are currently insured by a certificate of medical insurance from UWLIC which was not issued under an employer group health plan and to all class members who are no longer insured by UWLIC who elect to purchase a certificate of insurance from UWLIC which is not issued under an employer group health plan and who meet standard underwriting requirements. Eligible class members may have credits applied on a monthly basis for twenty-four (24) successive months. Credits for current insureds will be applicable beginning with the first premium payment for an individual following that individual's next renewal. Class members must submit a credit voucher to UWLIC each month in order to have the credit applied.

(c) Defendants will provide each class member with one free call (each call is valued at $27.50) to Nurse Healthline.

1208116

4

(d) Defendants shall also provide the following injunctive relief:

(i) Defendants agree to calculate premium increases on certificates of medical insurance that were not issued as small employer group coverage or under any other employer-sponsored group health plan in Georgia and Alabama with no tiering based on an individual's health.

(ii) Defendants will provide a document to each class member describing the material terms of relationships among the defendants and the various trusts and networks created by defendants. This document will be included with the premium credit vouchers sent to each class member. The language contained in Exhibit E, attached hereto, has been agreed upon by counsel.

(iii) Defendants will inform each class member of the method by which defendants calculate premium adjustments. This disclosure will be included with the premium credit voucher sent to each class member. The language contained in Exhibit F, attached hereto, has been agreed upon by counsel.

9. Notice of settlement shall be provided by defendants by both publication approved by the Court and direct mail to each class member at their last known address, according to defendants' records. The costs of such notice shall be borne by defendants. Only those class members entitled to a refund as described above in paragraph 8(a) will receive a cash refund.

10. Under the proposed settlement, you will have to submit a claim form attesting to your purchase of medical insurance coverage in order to receive a cash refund. That form will be sent to you if the Court approves the settlement and if you do not elect to exclude yourself from the class in the manner described below.

11. UNDER THE PROPOSED SETTLEMENT, ANY CLAIM THAT A MEMBER OF THE CLASS MAY HAVE AGAINST THE DEFENDANTS; EACH OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS, SUBSIDIARIES, ASSIGNS AND STOCKHOLDERS; EACH OF THEIR PRESENT AND FORMER DIRECTORS, OFFICERS, ATTORNEYS, EMPLOYEES, AGENTS, REPRESENTATIVES AND INSURERS; AND ALL AGENTS WHO SOLD THE SUBJECT INSURANCE DURING THE CLASS PERIOD WOULD BE RELEASED AND EXTINGUISHED.

12. Under the proposed settlement, Class Counsel may petition the Court for an award of attorney's fees as compensation for achieving the benefits described above. Class Counsel intend to ask the Court to approve and award attorney's fees of up to $2,500,000, plus expenses. If approved by the Court, defendants will pay these amounts to Class Counsel in addition to the other benefits afforded to the class. Accordingly, the fees and expenses awarded by the Court would not reduce the settlement consideration that you would receive.

13. The foregoing description of the proposed settlement is a summary only. The complete Stipulation is available for inspection in the Court file in the above-captioned proceeding. If you want to receive a complete copy of the proposed settlement agreement, you may obtain one by writing:

> BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
> P. O. Box 4160
> Montgomery, Alabama 36103-4160

14. This settlement is a compromise of claims being asserted for larger sums by Class Counsel. Whether this compromise is fair or not is one of the matters that the Court has not yet decided. In particular, the Court has neither approved nor disapproved the proposed settlement. It has only certified this settlement class and approved this notice for the purpose of advising you of: (1) this action; (2) the proposed settlement; and (3) your rights and obligations with respect

5%
2034

to the action and settlement. If the Court approves the proposed settlement, however, you will be bound by its terms unless you exclude yourself from the class. The Court will decide whether or not to approve the settlement at the settlement fairness hearing described below.

### ELECTION BY CLASS MEMBERS

15. If you fit the above description of a class member, you have a choice whether or not to remain a member of the class on whose behalf this lawsuit is being maintained. Either choice will have its consequences, which you should understand before making your decision.

16. If you want to be included in the class, you do not need to take any affirmative action at this time.

17. If you want to be excluded from the class, you must complete the enclosed form (attached hereto) ("Exclusion Request") and return it to the address shown on the Exclusion Request by mail received no later than August 19, 2004 by the Settlement Administrator at 3100 AMS Boulevard, Green Bay, Wisconsin 54313. DO NOT SEND THIS NOTICE IF YOU WISH TO BE INCLUDED IN THE CLASS OR PARTICIPATE IN THE PROPOSED SETTLEMENT.

18. By making the election to be excluded, (i) you will not share in any recovery that might be made to class members as a result of the proposed settlement of this lawsuit; (ii) you will not be bound by the outcome of this action; and (iii) you may present any claims you have against the defendants by filing your own lawsuit or you may seek to intervene in this lawsuit.

### RIGHTS AND OBLIGATIONS OF CLASS MEMBERS

19. If you desire to remain a member of the class, you should not file the "Exclusion Request" and are not required to do anything at this time.

20. If you remain a member of the class:

(a)     The class representative and Class Counsel will present your claims against the defendants. Any of your claims against the defendants or other persons for damages arising from your purchase of health insurance will be determined in this case, and cannot be presented in any other lawsuit. You may also intervene individually or enter an appearance in the action directly or indirectly and/or object to the proposed settlement (or any subsequent settlement if the proposed settlement is not approved), through legal counsel of your own choosing, <u>at your cost</u>;

(b)     Your participation in any recovery which may be obtained from the defendants through trial or settlement will depend upon the results of this lawsuit. If no recovery is obtained for the class, you will be bound by that result also;

(c)     You may be required as a condition for participating in any recovery through settlement or trial, to present evidence or documentation concerning your purchases of health insurance. You should, therefore, preserve your records reflecting these purchases;

(d)     You will be entitled to notice of any ruling affecting the class, including notice of, and an opportunity to be heard respecting the proposed settlement or other settlement of dismissal of the class claims. For this reason, as well as to participate in any recovery, you are requested to notify the Settlement Administrator, American Medical Security, 3100 AMS Boulevard, Green Bay, Wisconsin 54313 of any change of address.

(e)     As a class member you are not obligated to pay any attorney's fees or costs arising out of this litigation except to the extent the Court's award of such fees and costs reduces your interest in the gross recovery in the case, if any. As already noted, no such reduction will occur if the proposed settlement is approved.

21. You may, of course, seek the advice and guidance of your own attorney if you desire, at your cost.

22. The pleadings and other records in this litigation may be examined and copied at any time during the regular office hours of the Circuit Court of Montgomery County, Montgomery County Courthouse, 251 South Lawrence Street, Montgomery, Alabama 36104.

### SETTLEMENT FAIRNESS HEARING

23. As already noted, the Court has not yet approved or disapproved the proposed settlement. The proposed settlement is supported by Class Counsel, but the Court will conduct an independent review of the adequacy, fairness and reasonableness of the settlement in light of such materials as are presented to the Court in support of, or in opposition to, the settlement. The Court shall conduct a hearing on the request to approve the proposed settlement on September 8, 2004, at the Montgomery County Courthouse, Montgomery, Alabama at the hour of 9 a.m. The Court, may in its discretion, hold further hearings or continue the hearing now scheduled, and no further notice of such additional or continued hearings will be given except to persons who have entered an appearance in this action or submitted written statements supporting or objecting to the proposed settlement by the date and time set forth below.

24. If you have not requested exclusion from the class and you wish to be heard at the hearing described above, either to oppose or to support the proposed settlement, you must enter an appearance in this action, in person or by counsel, not later than August 19, 2004. If you do not wish to appear but want to submit written statements supporting or objecting to the proposed settlement, those statements must be mailed to:

Clerk, Circuit Court of Montgomery County, Alabama
251 South Lawrence Street
Montgomery, Alabama 36104

1208116                                9

W. Daniel Miles, III
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160

Peter A. Grammas
Lowe, Grammas, Hitson & Dana LLP
3500 Blue Lake Drive
Suite 209
Birmingham, Alabama 35243

and

James E. Fleenor, Jr.
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

postmarked not later than August 19, 2004.

DATE: 6/8/04

_Melissa Witterspun_
Clerk, Circuit Court of Montgomery County, Alabama
251 South Lawrence Street
Montgomery, Alabama 36104

Enclosure:   (1)   Exclusion Request (Attached)