IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CURTIS B. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| AMERICAN MEDICAL SECURITY, ) | \_\_\_\_-_____ |
| INC.; UNITED WISCONSIN LIFE ) | |
| INSURANCE CO.; DONALD C. ) | |
| ARNOLD; et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants American Medical Security, Inc. ("AMS") and United Wisconsin Life Insurance Company ("UWLIC") file this notice removing the above-described action from the Circuit Court of Etowah County, Alabama, where this action was filed, to the United States District Court for the Northern District of Alabama, Middle Division. In support of this notice, defendants show the Court as follows:

1. On April 2, 2003, an action was filed in the Circuit Court of Etowah County, Alabama by plaintiff Curtis B. Davis. That action bears civil action number: CV-03-440. True and correct copies of the process summons, complaint, pleadings and discovery served upon defendants are attached to this notice hereto, in accordance with 28 U.S.C. § 1446(b), and referred to herein as Exhibit A.

2. AMS and UWLIC were served on April 7, 2003. (See Exhibit A). Defendant Don C. Arnold ("Arnold") was served on April 8, 2003. (See Exhibit A).



1219130

3. Apparently, the plaintiff served an individual named Don Arnold who had no connection to this case. (See Exhibit A). As a result, on June 19, 2003 the Circuit Court of Etowah County, Alabama dismissed defendant Arnold with prejudice. (See Exhibit A).

4. On July 21, 2003, on the basis of diversity of citizenship, Defendants removed this matter from state court. The case was ultimately remanded for the purpose of allowing the plaintiff additional time to secure service on the individual named Don Arnold who allegedly assisted him in securing the subject health insurance coverage. Having been unable to perfect service on Arnold for several months following the remand order, Defendants have once again removed this case on the basis of diversity jurisdiction. (See Case Action Summary Sheet attached as Exhibit B).

5. This notice of removal is filed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, in that the amount in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states and plaintiff's claims arise under the laws of the United States.

## DIVERSITY JURISDICTION

6. Plaintiff Curtis B. Davis is a resident and citizen of Etowah County, Alabama. (See Exhibit A, Complaint, ¶ 1). Plaintiff therefore is a citizen of the State of Alabama for diversity jurisdiction purposes.

7. Defendant AMS is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Green Bay, Wisconsin. Accordingly, defendant AMS is a citizen of the States of Delaware and Wisconsin for diversity jurisdiction purposes.

8. Defendant UWLIC is a corporation incorporated under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin. Accordingly, defendant UWLIC is a citizen of the State of Wisconsin for diversity jurisdiction purposes.

9. While the plaintiff has named Arnold, an alleged Alabama resident, as a defendant, the plaintiff has been unable to perfect service on this party for nearly one year. (See Exhibit A). Thus, Arnold's alleged non-diverse resident status should be disregarded for purposes of this removal. 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."); (Mask v. Chrysler Corp., 825 F. Supp. 285, 289 (N.D. Ala. 1993) (holding that because plaintiffs had not perfected service on resident defendant, the citizenship of the resident defendant did not defeat removal jurisdiction, and stating, "the plaintiffs have not yet perfected service on [the resident defendant], [and thus] the Court holds alternatively that citizenship of [the resident defendant], does not defeat removal jurisdiction.")

10. Because the plaintiff is a citizen of the State of Alabama and the defendants are citizens of the States of Delaware and Wisconsin, there is complete diversity of citizenship between the plaintiff and the properly joined defendants in this action. 28 U.S.C. § 1332(a)(2). No properly joined and served defendant is a citizen or has its principal place of business in the State of Alabama in which this action is brought. The matter in controversy is wholly between citizens of diverse States.

11. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of the defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or

laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

## AMOUNT IN CONTROVERSY

12. Plaintiff has failed to specify in his complaint any specific dollar amount in the prayer for relief. Plaintiff does, however, make a claim for punitive damages in the complaint. (See Exhibit A, Complaint). The burden on these removing defendants, however, is merely to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); but see Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) (abrogating Tapscott on different grounds) (emphasis added).

13. Punitive damages, if available, must be considered when determining the jurisdictional amount in controversy in diversity cases. Bolling v. Union Nat'l Life Insurance Co., 900 F. Supp. 400, 405 n.6 (M.D. Ala. 1995) (citing Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)). Indeed, a plaintiff's demand for punitive damages may be deemed to satisfy the jurisdictional minimum when it is "possible" for a jury to award that amount in punitive damages under the relevant state's laws. Ryan v. State Farm Mutual Auto. Insurance Co., 934 F.2d 276, 277 (11th Cir. 1991).

14. The amount in controversy in this action clearly exceeds the sum or value of $75,000.00 exclusive of interest and costs, notwithstanding the fact that the complaint does not set forth the amount of damages claimed. It is well settled that an indeterminate complaint "does not show that the case is *not removable*. It simply does not comment on federal jurisdiction." Robinson v. Quality Ins. Co., 633 F. Supp. 572, 574 (S.D. Ala. 1986) (emphasis original). In such cases, the court has the "duty to independently determine the propriety of jurisdiction." Id.

at 575. Therefore, it is appropriate for the court to review the allegations in the complaint as well as the notice of removal to ascertain jurisdiction. In the instant case, it is clear that if the allegations of the complaint are proven, the amount in controversy requirement of $75,000.00 would be satisfied.

15. In his complaint, plaintiff seeks both compensatory and punitive damages. Nowhere in the complaint does the plaintiff limit his recovery to less than $75,000.00. Moreover, this case involves claims for fraud and suppression with accompanying requests for compensatory and punitive damages.

16. As this Court is aware, compensatory damages in tort actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms, well exceeding the $75,000.00 required for diversity jurisdiction. Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damage claims for mental and emotional distress arising from various allegations. Verdicts well in excess of $75,000.00 have been rendered against corporate defendants, particularly out-of-state corporations, in such actions. See, e.g., Life Ins. Co. of Ga. v. Parker, 726 So. 2d 619 (Ala. 1998) (Alabama Supreme Court determined compensatory award of $4,276.00 supported punitive damages of $150,000.00 in insurance fraud action where plaintiffs claimed they had fraudulent induced to replace their existing "paid up" policies for "graded-death-benefit" policies, i.e., policies that would not pay the full face amount until premiums were paid for three years.); Life Ins. Co. of Georgia v. Johnson, 701 So. 2d 524 (Ala. 1997) (Alabama Supreme Court determined compensatory award of $250,000.00 supported punitive award of $3,000,000.00 when plaintiff showed she had been sold worthless Medicare supplement insurance.); American Pioneer Life Ins. Co. v. Williamson, 704 So. 2d 1361 (Ala. 1997) (Alabama Supreme Court affirmed compensatory damage award of

$250,000.00 and awarded punitive $750,000.00 in action where a former insurance agent established he had been wrongfully forced to surrender substantial commissions.); Gallant v. Prudential Ins. Co. of Am., CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000.00 in compensatory damages for alleged insurance fraud); Talent Tree Personnel Serv., Inc. v. Fleenor, 703 So. 2d 917, 922-23 (Ala. 1997) (awarding $300,000.00 in compensatory damages for alleged fraudulent misrepresentation); First Commercial Bank v. Spivey, 694 So. 2d 1316, 1326 (Ala. 1997) (awarding $450,000.00 in compensatory damages for emotional distress arising from the defendant's fraudulent conduct).

17.   Furthermore, it is well settled that punitive damages must be considered in any calculation in the amount in controversy. See, e.g., Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered."); Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") (citing Bell v. Preferred Life Assurance Soc., 320 U.S. 238 (1943)). In many recent fraud cases in Alabama, foreign corporations, such as the one involved in this case, have suffered punitive damages awards well in excess of $75,000.00. See, e.g., Johnson v. Mercury Fin. Co., CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division. (Plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000.00 discount for which defendant purchased the non-recourse note. Jury awarded $90,000.00 in compensatory damages, and $50,000,000.00 in punitive damages. The award of punitive damages was remitted to $2,000,000.00); Key v. Prudential Ins. Co., et al., CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (The plaintiff

alleged that the insurance agent misrepresented that no additional premium payments would be required. Jury awarded $25,000,000.00 in punitive damages.); Parham v. Foremost Ins. Co., CV-94-44, in the Circuit Court of Bullock County, Alabama (June 7, 1995) (Plaintiffs, purchasers of a mobile home, alleged that the seller/agent misrepresented material facts about homeowners insurance purchased by plaintiffs. Jury found defendant insurance company liable and awarded $6,000.00 in compensatory damages, and $7,500,000.00 in punitive damages); Gallant, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000.00 in punitive damages); Ford Motor Co. v. Sperau, 708 So. 2d 111, 124 (Ala. 1997) (awarding $1,792,000.00 in punitive damages).

18.  Given the massive amount of compensatory and punitive damages potentially recoverable in cases such as this one as discussed above, the amount in controversy exceeds $75,000.00.

19.  A true copy of this notice of removal is filed with the Clerk of the Circuit Court of Etowah County, Alabama, as required by 28 U.S.C. § 1446(d) and served upon counsel for plaintiff.

20.  Should any question arise as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and present oral argument in support of their position that the case is clearly removable under the controlling Supreme Court and Eleventh Circuit authority and this Court's diversity jurisdiction, as defined at 28 U.S.C. § 1332.

WHEREFORE, Defendants, desiring to remove this cause from the Circuit Court of Etowah County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division, pray that the filing of this Notice of Removal, the giving of notice to

the Circuit Court of Etowah County, and the giving of notice to the attorney for the plaintiff shall effect the removal of said cause to this Court.

          Respectfully submitted,

_____
James E. Fleenor, Jr. (FLE-013)
Harlan F. Winn, III (WIN-023)
Michael J. Clemmer (CLE-029)
Attorneys for Defendants,
AMERICAN MEDICAL SECURITY, INC. AND
UNITED WISCONSIN LIFE INSURANCE CO.

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

    I hereby certify that I have served the foregoing document upon all counsel of record in this case by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

Ted L. Mann, Esq.
Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, Alabama 35209

on this the _1st_ day of ~~March~~ April, 2004.

_____
OF COUNSEL

1219130