IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES W. HICKS and TRACY S. HICKS, :            FILED JAN 9 '03 PM 2:08 USDCALS

        Plaintiffs,                   :

v.                                    :            CIVIL ACTION 02-0469-P-M

UNITED WISCONSIN LIFE INSURANCE       :
COMPANY, et al.,

        Defendants.                   :

<u>ORDER</u>

After due and proper consideration of all pleadings in this file, and there having been no objections filed, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is ORDERED that Plaintiffs' Motion to Remand be GRANTED and that this action be REMANDED to the Circuit Court of Mobile County for all further proceedings.

DONE this 9th day of Jan , 2003.

VIRGIL PITTMAN
SENIOR UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
SOU. DIST. ALA.
FILED THIS THE
9th DAY OF Jan,
2003, JUDGEMENT ENTRY
NO. 1142
CHARLES R. DIARD, JR., CLERK
BY Allen
DEPUTY CLERK

JUDGEMENT ENTERED
ON DOCKET
Date 1/9/03
CHARLES R. DIARD, JR., CLE

EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES W. HICKS and TRACY S. HICKS, :

     Plaintiffs,             :

v.                           :       CIVIL ACTION 02-0469-P-M

UNITED WISCONSIN LIFE INSURANCE  :
COMPANY, et al.,

     Defendants.         :

## REPORT AND RECOMMENDATION

     The Motion to Dismiss filed by Defendant AmSouth Bank, N.A. (Doc. 3) and the Motion to Remand filed by Plaintiffs (Docs. 8-9) have been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332. It is recommended that Plaintiffs' Motion to Remand be granted. In light of that recommendation, no recommendation is made regarding Defendant's Motion to Dismiss.

     The facts, very briefly, are as follows. Plaintiffs James W. and Tracy S. Hicks (hereinafter *the Hicks*) allege that they purchased health insurance coverage from Defendants United Wisconsin Life Insurance Company (hereinafter *United*) and American Medical Security, Inc. (hereinafter *American*) beginning in October 1996 for James and July 2000 for Tracy (Doc. 1, Complaint ¶ 4). The Hicks allege that they were told they were buying group health insurance and that their premiums would be based on group rates (Doc. 1, Complaint ¶¶ 4-5). The Hicks now believe that their premium rates, which have risen substantially, were based on their own individual claims experience rather than the group's claims experience (Doc. 1, Complaint ¶¶ 4-14).

Plaintiffs brought suit in the Circuit Court of Mobile County against United, American, and AmSouth Bank, N.A. (hereinafter *AmSouth*), raising claims of fraud, fraudulent concealment, conspiracy, breach of fiduciary duty, and breach of contract and seek both compensatory and punitive damages (Doc. 1, Complaint). Defendants removed the action to this Court (Doc. 1). Plaintiffs filed a Motion to Remand the action (Docs. 8-9, 23) and Defendants have responded to Plaintiffs' Motion (Docs. 14, 24).

In its removal petition, Defendants allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1441(a) (Doc. 1). In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936). In a removal action, that burden is upon the defendants. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986). District courts have been instructed to consider the following principles in determining if the removal of an action from a state court was proper:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant

2

> clash about jurisdiction, uncertainties are
> resolved in favor of remand.

*Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)
(citations omitted).

The Court notes that any civil action over which the district
court would have original jurisdiction may be removed by the defendant
to the district court for the district in which the action is pending.
28 U.S.C. § 1441(a). The district court has jurisdiction over actions
between citizens of different states so long as all plaintiffs are
diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267
(1806), and the amount in controversy exceeds $75,000. 28 U.S.C. §
1332(b).

In this action, both requirements of diversity are in dispute.
Defendants argue that Defendant AmSouth has been fraudulently joined
to defeat diversity jurisdiction while Plaintiffs argue that
Defendants have failed to prove that the amount in controversy exceeds
$75,000. The Court will address only the first of these disputes,
finding it unnecessary to address the second.

There is apparently no dispute that Plaintiffs are both residents
of Alabama (Doc. 1, Complaint ¶ 1). Defendant United "is a
corporation incorporated under the laws of the State of Wisconsin with
its principal place of business in Milwaukee, Wisconsin" (Doc. 1, ¶
6). Defendant American "is a corporation incorporated under the laws
of the State of Delaware with its principal place of business in Green
Bay, Wisconsin" (Doc. 1, ¶ 5). Defendant AmSouth "is a citizen of the
State of Alabama" (Doc. 1, ¶ 7). As the Hicks and AmSouth are both
Alabama citizens, the diversity requirement of *Strawbridge* is not met.

Defendants have argued, however, that Defendant AmSouth has been fraudulently joined to defeat jurisdiction. It is noted that "[a]n action may [] be removable if the joinder of non-diverse parties is fraudulent." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). A court, testing a claim of fraudulent joinder is instructed to "(1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court."[1] *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (*citing Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988)). In making this determination, this court looks at "plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). All questions of fact and law are resolved in favor of the Plaintiffs. *Cabalceta*, 883 F.2d at 1561. The Court may consider affidavits and deposition transcripts in reaching its determination. *Id.*

The thrust of Defendants' argument is that Plaintiffs have failed to state a claim against AmSouth. The premise upon which this conclusion is based is the following: "The fact that AmSouth is the trustee for the trust that holds the same group health insurance policy that the [P]laintiffs purchased is of no moment. Such a fact is irrelevant to [P]laintiffs' claims" (Doc. 1, p. 4, ¶ 13).

---

[1] The Court notes that Defendants have not asserted that the Hicks fraudulently pled jurisdictional facts in order to defeat federal jurisdiction (*see* Doc. 1, ¶¶ 9-21).

Defendants go on to state that "[t]here is no authority for the proposition that AmSouth's status as trustee sets up a fiduciary relationship with [P]laintiffs.  Indeed, [P]laintiffs' position is simply unknown to the law." (Doc. 1, p. 7, ¶ 19).

Plaintiffs have made available to the Court a document entitled "Prescription for Good Health Trust Agreement" (hereinafter *Agreement*) (Doc. 9, Exhibit A).  A Vice President of AmSouth, Barbara Watson, has admitted, through discovery procedures in another lawsuit, that AmSouth entered into that Agreement (Doc. 9, Exhibit B [Watson Deposition], pp. 32-33, 36; *see also* Doc. 14, Exhibit A).  The Agreement, in its opening paragraph, states that it is "between AmSouth Bank, N.A. (hereinafter "Trustee"), and Participants who desire to become Members of this Trust" (Doc. 9, Exhibit A, p. 1). *Participants* are defined as "any acceptable person who [] accepts the obligations of the Trust through the adoption of a written subscription agreement and the application for group insurance [] and is otherwise approved by the Administrator" (Doc. 9, Exhibit A, p. 2, ¶ 1b).  The Agreement lists Defendant American as the Administrator and Defendant United as the Insurer (Doc. 9, Exhibit A, p. 1).  The Court notes that the Agreement states that AmSouth's duty as Trustee is, only, to hold the group insurance contracts (Doc. 9, Exhibit A, p. 1, ¶ 2).

Thee is no apparent dispute that the Hicks are Participants in the Agreement.  At the very least, the Court finds that Defendants have not demonstrated otherwise.  Though Defendants have argued that AmSouth's role as trustee did not establish a fiduciary duty toward the Hicks, the Court finds that they have failed to prove that there

is "no possibility the [P]laintiff[s] can establish any cause of action against the resident defendant." *Cabalceta*, 883 F.2d at 1561. This is so because AmSouth's representative has stated that AmSouth's participation in the trust was necessary to conduct business in Alabama. Specifically, Watson stated that the Agreement was set up the particular way it was because "it was a legal precondition for doing business, insurance business, in Alabama" (Doc. 9, Exhibit B, p. 33, lines 2-6).

It appears to the Court that AmSouth's role, though only a perfunctory role in this business arrangement, was necessary for United and American to provide insurance in the State of Alabama. If Defendant AmSouth is a necessary component for the sale of insurance in Alabama, then Defendants must face their legal challengers in the State Courts. Defendants should have known that a business arrangement which necessitated the inclusion of an Alabama business would mean that they would not be able to defend their actions in the federal courts, at least not on the basis of diversity.

Having reached this conclusion, the Court finds that the parties are not diverse as required by *Strawbridge*, that Defendant AmSouth was not fraudulently joined in this action to defeat diversity jurisdiction, and that Defendants have improperly removed this action to this Court. Therefore, it is recommended that this Plaintiffs' Motion to Remand be granted and that this action be remanded to the Circuit Court of Mobile County for all further proceedings.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 13th day of December, 2002.

BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE