## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CRYSTAL S. BRADFORD, a minor,　　*
By and through her next friend,　　*
MICHAEL TARRANCE;　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　**Plaintiffs,**　　　　　　*
　　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　*　　CV-03-2943
　　　　　　　　　　　　　　　　　*
AMERICAN MEDICAL SECURITY　*
GROUP, INC., a corporation; et al,　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　**Defendants.**　　　　　　*

### ORDER

This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

EXHIBIT
D

, 2004.

udge

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| JAMES BRITT, an individual, | ) | |
| Plaintiff, | ) | **FILED** |
| vs. | ) CIVIL ACTION NO.: | FEB 0 4 2004 |
| AMERICAN MEDICAL SECURITY, et al., | ) CV-03-266-H | *Judy Byrd* |
| Defendants. | ) | JUDY BYRD, CLERK<br>HOUSTON CO., AL |

### ORDER

Pending before this Court are two motions to dismiss separately filed on behalf of Defendants AmSouth Bank and American Medical Security/United Wisconsin Life Insurance Company. Upon duly considering the briefs filed by all parties and the applicable law, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

It is undisputed that American Medical Security and United Wisconsin Life Insurance Company established a trust with AmSouth Bank whereby AmSouth served as trustee over the master policy of health insurance. The subject trust agreement was made a part of the record. It is also undisputed that the Plaintiff James Britt purchased a certificate of health insurance coverage under the master policy held by AmSouth Bank. It is the sale of this coverage that forms the basis of the complaint. The essence of the complaint involves allegations that the certificate of health insurance coverage sold to James Britt was not group coverage as it was represented at the point of sale.

A Rule 12(b)(6) dismissal is only proper when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. Radenhausen v. Doss, 819 So. 2d 616, 617 (Ala. 2001). The claims against AmSouth arise out of its capacity as trustee over the master policy and the obligations imposed by law and the subject trust agreement. First Alabama Bank v. Martin, 425 So. 2d 415, 426 (Ala. 1982); Henley v. Birmingham Trust National Bank, 322 So. 2d 688, 695 (Ala. 1975); Jones v. Ellis, 551 So. 2d 396, 402 (Ala. 1989). As such, the Court finds that James Britt has plead facts in support of his claim that could entitle him to relief. Thus, the Motion to Dismiss AmSouth Bank is **DENIED.**

The Court further finds that there is no statutory or regulatory authority allowing the Alabama Department of Insurance to regulate the premium rates for health insurance. To the contrary, Ala. Code § 27-13-2 specifically excludes health insurance rates from the commissioner's authority. Further, the filed rate doctrine only applies if the rates at issue are specifically approved under "regulatory" authority. Even assuming, arguendo, that the Department of Insurance has such regulatory authority, the complaint makes no allegation that American Medical Security and/or United Wisconsin Life Insurance Company engaged in any illegal or wrongful conduct in securing such approval and does not make a claim pursuant to the Alabama Trade Practices Act. As such, the Motion to Dismiss filed on behalf of American Medical Security and United Wisconsin Life Insurance Company is **DENIED.**

DONE and ORDERED this 3rd day of _____, 2004

**DENNY L. HOLLOWAY**
CIRCUIT COURT JUDGE

## IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

EUGENE BUDRAITIS,                    *

      Plaintiff,                       *

v.                                   *       CASE NO. CV-2003-122

AMERICAN MEDICAL SECURITY           *
GROUP, et al.,

      Defendants.                      *

# <u>ORDER</u>

This matter came before the Court on the Defendants' Motions to Dismiss and Motion to Strike Jury Demand. Upon consideration thereof, the Court is of the opinion that the following relief is appropriate. It is, therefore

**ORDERED, AJDUDGED** and **DECREED** as follows:

1. That all the claims against AmSouth Bank be and they are hereby dismissed, except the claim for breach of fiduciary duty.

2. That all Plaintiff's claims for negligence are dismissed.

3. That Defendant AmSouth's Motion to Strike Jury Demand for the remaining claim of breach of fiduciary duty be and the same is hereby granted.

4. That the Motions to Dismiss in all other respects be and they are hereby denied,

except that the Plaintiff will provide a more definite statement within twenty (20) days as to the ~~March 30 2004 (3/16km)~~

fraud claim in accordance with the specificity requirements concerning the time, place, and

person alleged to have made the fraudulent misrepresentations.

DONE this the _10th_ day of _March_, 2004.


H. EDWARD McFERRIN
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

| | | |
|---|---|---|
| INA FAYE KINARD and<br>TOMMY R. JENKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. CV- 03-202 |
| | ) | |
| AMERICAN MEDICAL SECURITY,<br>UNITED WISCONSIN LIFE<br>INSURANCE COMPANY,<br>AMSOUTH BANK, N.A. and<br>LOUISE DAVIS HILL, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

RECEIVED
MAR 1 6 2004

## ORDER

The Court has for consideration the following motions:

1.    Defendant AmSouth Bank's Motion to Dismiss as to All Claims Except Breach of Fiduciary Duty;

2.    Defendant AmSouth Bank's Motion to Strike Jury Demand; and

3.    Defendants United Wisconsin Life Insurance Company and American Medical Security, Inc.'s Motion to Dismiss.

Upon due consideration, the Court hereby orders as follows:

1.    Defendant AmSouth Bank's Motion to Strike Jury Demand is hereby GRANTED;

2.    Defendant AmSouth Bank's Motion to Dismiss is hereby GRANTED so that the sole remaining claim against this defendant is breach of fiduciary duty; and

3.    Defendants United Wisconsin Life Insurance Company and American Medical Security, Inc.'s Motion to Dismiss is GRANTED as to Count IV (Conspiracy to Defraud) and Count VIII (Breach of Fiduciary Duty).  The Court hereby DENIES these defendants' motion made pursuant to Rule 9 of the Alabama Rules of Civil Procedure.  The Court will address by

1192258

separate Order these defendants' motion as it relates to Count II (Suppression), Count V (Negligence and Wantonness) and Count VI (Negligent and Wanton Hiring, Training and Supervision).

DONE this ___8th___ day of March, 2004.

**FILED IN OFFICE**

MAR 1 0 2004

**JOHN H. STACY CLERK**

Thomas ap R. Jones, Circuit Judge

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

EDNA M. COLLINS,                          *
                                          *
    Plaintiff(s),                      *
                                          *
v.                                        *        CIVIL ACTION NO. CV 03-857
                                          *
AMERICAN MEDICAL SECURITY,                *
et al.,                                   *
                                          *
    Defendant(s).                      *

## ORDER

    This case is before the Court on MOTIONS TO DISMISS filed on behalf of the three Defendants.  The Court has heard argument and considered briefs filed by the parties.  With respect to the motion filed by the Defendant ~~Amherst, that MOTION TO DISMISS is GRANTED as to all claims except claims for product liability fraud and suppression.  As to those latter claims, said motion is DENIED.~~

    ~~The MOTIONS TO DISMISS filed by the Defendants, American Medical Security and United Wisconsin Life Insurance Company, are GRANTED with respect to the Counts asserting negligence, negligent training and supervision, and wanton misconduct.  Said motions are DENIED as to all other Counts.~~

    The ruling on the MOTION TO STRIKE JURY DEMAND will be deferred at this time.

    All Defendants are given 20 days within which to file additional pleadings.

    This case is set for a Scheduling Conference on **May 11, 2004, at 9:00 A.M.,** in Courtroom Number 4, Lee County Justice Center, Opelika, Alabama.  The parties are directed to be prepared to discuss those matters set forth on the SCHEDULING CONFERENCE ORDER currently in use by this Court.

    This conference may be held by conference call if prior arrangements are made with the Court.

    Done and Ordered this 10th day of March, 2004.

                                  Robert M. Harper
                                  Circuit Judge

FILED

MAR 1 0 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Copy to:
    W. Lee Pittman/Calvin C. Clay
    James E. Fleenor, Jr./Harlan F. Winn, III/Michael J. Clemmer

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | | |
|---|---|---|
| PAULA DOWNIE, an individual | ) | |
| BETTY DOWNIE, an individual, and | ) | |
| JEFFREY MILLER, an individual | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV- 2003-0136 |
| | ) | |
| AMERICAN MEDICAL SECURITY, | ) | |
| UNITED WISCONSIN LIFE | ) | |
| INSURANCE COMPANY, AMSOUTH | ) | |
| BANK, N.A., et al., | ) | |
| | ), | |
| Defendants. | ) | |

**FILED**
**MAR 30 2004**
**DAVID S. NIX, CLERK**
**BARBOUR CO. ALABAMA**

## ORDER

This matter is before the Court on Defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiffs' Count for negligent, reckless, wanton conduct and Count for negligent training and supervision is due to be GRANTED. Finally, Defendant AmSouth's motion to dismiss all claims except breach of fiduciary and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiffs' complaint are DENIED.

Done and ORDERED this __30th__ day of __March_____, 2004

_____
Circuit Court Judge

1217163

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

MARCUS HENRY; KENTEUS    *
HENRY; et al.    *
   *
     Plaintiffs,    *
   *
v.    *    Civil Action No.:
   *    CV 03-132
AMERICAN MEDICAL SECURITY    *
GROUP, INC., et al.    *
   *
     Defendants.    *

## ORDER

This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this _5ᵗ_ day of _February_, 2004.

_____
Circuit Court Judge

```
ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY CONTINUATION
CIRCUIT CIVIL
```

IN THE CIRCUIT COURT OF HOUSTON COUNTY

NEIL HOLDOWAY, ET ALS VS AMERICAN MEDICAL SECURITY ET ALS
FILED: 12/22/2003 TYPE: DAMAGES FRAUD     TYPE TRIAL: JURY     TRACK:

```
***************************************************************
DATE1:        CA:              CA DATE:
DATE2:        AMT:      $.00   PAYMENT:
***************************************************************
```

February 9, 2004 - Pro Se Answer of Defendant, Judy Jacobs.  (Sued wrong person)

Feb. 20, 2004 - Defendant, AmSouth Bank's Motion to Dismiss the Claims of Alicia Martin.

Feb. 20, 2004 - Defendant, AmSouth Bank's Moiton to Dismiss as to all claims except Breach of
Fiduciaty Duty.

Feb. 20, 2004 - Defendant AmSouth Bank's Motion to Strike Jury Demand.

2/26/04 Motion to Dismiss to be
heard on 3/30/04 at 9 AM
(NCCC, MJC, JEF, Jr. HFW, III. 2-26-04)  J. White, Judge
BSN & KJD-3-15-04)

Feb. 23, 2004 - Defendants, United Wisconsin Life Insurance Company and American Medical
Security Inc.'s Motion to Dismiss.

Feb. 23, 2004 - Defendants, United Wisconsin Life Insurance Co. & American Medical Security In
Memorandum in Support of Motion to Dismiss.

March 8, 2004 - Defendants, American Medical Security and Wisconsin Life Insurance Company's
Notice of Discovery Requests.

March 12, 2004 - Defendant, Farmers Insurance Group's Motion to Dismiss.

March 18, 2004 - Motion to Dismiss of Defendant David Lee Earnest.

March 23, 2004. motion to dismiss of Farmers
Insurance Group & David Lee Earnest set for
hearing on March 30, 2004 9:00 Am.
(D- CCC, MJC, JEF & HFW III - BSN, KJD & D.L Earnest
3-25-04)

March 30, 2004. Claims of plaintiffs Alicia
Martin and Donna Worthy are hereby
dismissed.  Jny M White Jg

March 30, 2004. Claim against Farmers Insurance
Group dismissed w/o prejudice. All
claims against defendant AmSouth dismissed
except that of breach of fiduciary duties.
Jury demand against AmSouth struck

LIL  01/08/2004  [struck: the claims] Motion to dismiss of defendants
American Medical Security and United Wisconsin Lg
denied except as to claims of negligence & wantonness
[struck: which] those claims are dismissed.  Jny White

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY JACKSON, an individual; | * | |
| | * | |
| Plaintiff, | * | CV-03-2958 |
| | * | |
| v. | * | |
| | * | |
| AMERICAN MEDICAL SECURITY | * | |
| GROUP, INC., a corporation; et al, | * | |
| Defendants. | * | |

## ORDER

•    This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand.  After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED.  Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this // day of Feb, 2004.

_____
Circuit Court Judge

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

CHARLES P. KASMEIER, et al.,          *
                                      *
    Plaintiffs,          *
                                      *
v.                                    *          CIVIL ACTION NO.:
                                      *
AMERICAN MEDICAL SECURITY,            *          CV-03-420
INC. and MIKE RICHY, an individual,   *
et al.,                               *
                                      *
    Defendants.          *

### ORDER

Upon consideration of the Motions to Dismiss filed by Defendants American
Medical Security and United Wisconsin Life Insurance Company, same are hereby
DENIED. The Motion to Dismiss all claims filed on behalf of Amsouth Bank is
GRANTED except for the claim of Breach of Fiduciary Duty.

DONE AND ORDERED at Tuscumbia, Alabama this the 12 day of
December, 2003.

_____
HAROLD V. HUGHSTON, JR.
PRESIDING CIRCUIT JUDGE

CC:    Calvin C. Clay
      James Fleenor
      Harlan Winn, III
      Mike Bernauer
      David Howard

## IN THE CIRCUIT COURT OF PERRY COUNTY, ALABAMA

ERIC KING, SR. an individual,                    )
ERIC KING, JR., an individual, and               )
MARTEZ D. KING, an individual,                   )
                                                 )
      **Plaintiffs,**                              )
                                                 )
v.                                               )
                                                 )    CIVIL ACTION NO. CV- 2003-1
AMERICAN MEDICAL SECURITY, UNITED                )
WISCONSIN LIFE INSURANCE COMPANY,                )
AMSOUTH BANK, N.A., et al.,                      )
                                                 )
      **Defendants.**                             )

RECEIVED
MAR 2 6 2004

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motion is due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiffs' Count V for negligence and wantonness and Count VI for negligent and wanton hiring, training and supervision is due to be GRANTED.

Defendants' motion as they relate to all other claims and requests for relief made the basis of Plaintiffs' complaint are DENIED.

FILED IN OFFICE
PERRY COUNTY COURTS

MAR 2 4 2004

Done and ORDERED this _24_ day of _March_, 2004.

MARY COSBY MOORE
CIRCUIT CLERK

_____
Circuit Court Judge

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

ROGER MILLER, an individual          )
NORMA PARKER, an individual,         )
RACHEL PEARSON, an individual, and   )
DETRA B. SNEED, an individual,       )
                                     )
      Plaintiffs,             )
                                     )
v.                                   )          CV- 03-235
                                     )
AMERICAN MEDICAL SECURITY,           )
UNITED WISCONSIN LIFE                )
INSURANCE COMPANY, AMSOUTH           )
BANK, N.A., et al.,                  )
                                     )
      Defendants.             )

**FILED**

MAR 30 2004

DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

### ORDER

This matter is before the Court on Defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand.  After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiffs' Count for negligent, reckless, wanton conduct and Count for negligent training and supervision is due to be GRANTED.  Finally, Defendant AmSouth's motion to dismiss all claims except breach of fiduciary is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiffs' complaint are DENIED.

Done and ORDERED this _____30th_____ day of _____March_____, 2004

_____
Circuit Court Judge

1217172

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| Rodney & Lora Monts, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | CV-2003-7006-RSV |
| | ) | |
| American Medical Security, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on defendants' motions to dismiss. Having reviewed the defendants' motions, and the plaintiffs' response thereto, the Court ORDERS as follows:

1.    The motion of American Medical Security and United Wisconsin Life Insurance Company to dismiss under the primary jurisdiction doctrine is DENIED. This Court concludes that any enforcement of the plaintiffs' claims will not involve the resolution of issues that fall within the special competence of the Alabama Department of Insurance.

2.    These defendants' motion to dismiss the fraud allegations for failure to plead with sufficient particularity is also DENIED, there being sufficient detail of allegedly fraudulent conduct, as found in paragraphs 13, 14 and 16 of the complaint.

3.    To the extent that the motions seek to dismiss Count V (negligence and wantonness) and Count VI (negligent and wanton hiring, training and supervision), they are GRANTED. These claims are time-barred.

4.    The motion of American Medical Security and United Wisconsin Life Insurance Company to dismiss Count VIII (untitled but raising the allegations of breach of fiduciary duty) is GRANTED. This claim cannot pertain to these two defendants.

5.    The motion to dismiss by AmSouth Bank is GRANTED in part, DENIED in part. It is granted with regard to the counts referenced in paragraph 3 above. It is also granted with regard to Counts I-III (raising fraud-based allegations) because no allegation of the complaint implicates AmSouth with any fraudulent activity.

6.    The motions are DENIED with regard to Count IV (conspiracy to defraud).

That addresses the motions to dismiss. Now on to other matters:

7.    AmSouth's motion to strike the plaintiffs' jury demand with regard to Count VIII is GRANTED.

8.    The plaintiffs have not yet perfected service on defendant Everett Walden. Failure to perfect service on this defendant by **February 27, 2004**, will result in the dismissal of all claims against him.

DONE and ORDERED on this 12th day of January, 2004.

_____
Robert S. Vance, Jr.
Circuit Judge

copies:

L. Andrew Hollis, Esq.
Steven W. Couch, Esq.
James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.

Mr. Everett G. Walden

2

From PITTMAN, HOOKS                205+328+2711          02/02/2004 10:27 #409 P.003/003

,0352                                                                CV 2003 000757.00
                                                        JUDGE: SIDNEY E. JACKSON

```
+-------------------------------------------------------------------+
|                 ALABAMA JUDICIAL DATA CENTER                      |
|               CASE ACTION SUMMARY CONTINUATION                    |
|                      CIRCUIT CIVIL                                |
+-------------------------------------------------------------------+
```

IN THE CIRCUIT COURT OF HOUSTON        COUNTY

WILLIAM J PITCHFORD ET AL  VS  AMERICAN MEDICAL SECURITY ET AL
FILED:  09/18/2003 TYPE:  BAD FAITH/FRAUD/MISR TYPE TRIAL:  JURY        TRACK:

DATE1:               CA:                    CA DATE:
DATE2:               AMT:        $.00   PAYMENT:

| 11-14-03 | Defendant AmSouth Bank's Motion to Strike Jury Demand. |

| 11-14-03 | Defendant AmSouth Bank's Motion to Dismiss as to All Claims Except Breach of |
| | Fiduciary Duty. |

11-24-03  All Motions to be heard on December 19, 2003
          at 9:30 A.m.   Clerk to Notify
          (N-WLP, CCC, JEF, HFW, MJC 11-24-03)

12/19/03  Motion to Strike by Defend. grant as to the Breach of
          Fiduciary Duty claim. All claims against Def. AmSouth
          dismissed except for Breach of Fiduciary Duty.

1/23/04  The remaining aspects of the Motion to Dismiss is denied.

B   09/24/2003

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CIVIL DIVISION

JUSTINE W. REBURN, a minor by and )
and through her next friend, )
CHERISE TODD, )

      PLAINTIFF, )      CIVIL ACTION NO.

V. )      CV  03-7007  JSV

AMERICAN MEDICAL SECURITY )
GROUP, INC., et al., )

      DEFENDANTS. )

**Filed In Open Court**
This ___ day of ___ 20__
J. Scott Vowell, Circuit Judge
By ___

ORDER ON MOTIONS TO DISMISS

This case came on to be heard on the defendants' various motions to dismiss.

The court has read the pleadings and has heard and considered arguments of counsel and the proposed orders which have been submitted. In making these rulings, the parties are aware that the court should not grant a Rule 12 (b)(6) motion to dismiss unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

It is, therefore, **Ordered and Adjudged** as follows:

1.  AmSouth Bank's motion to dismiss is **granted** as to all claims against said defendant other than the claim for breach of fiduciary duty. The motion is **denied** as to that claim.

2.  AmSouth Bank's motion to strike the jury demand on all pending claims made against it is **granted**. The claim is for breach of fiduciary duty and such a claim is traditionally an equitable claim. *First Alabama Bank v. Spraggins*, 475 So.2d 514 (Ala. 1985). If the plaintiff should add additional causes of action against AmSouth Bank, the court will consider whether such additional claims are triable by jury. The non-jury claim against AmSouth will be tried at the same time as all of the other claims in the case.

3.  The motion to dismiss filed by American Medical Security, Inc., (AMS) and United Wisconsin Life Insurance Company (UWLIC) based on the ground that the Alabama Department of Insurance has primary jurisdiction of this case is **denied.**

4.  The motion to dismiss filed by AMS and UWLIC is **granted** as to the plaintiff's fraud claims in Counts I, II and VII. However, the plaintiff may amend within 21 days to state these claims with the particularity required by Rule 9, Ala.R.Civ.P.

5. The AMS and UWLIC motion to dismiss is other **denied**. The matters raised will be more appropriately considered on motions for summary judgment after discovery.

**Done and Ordered, this the 27th day of January, 2004.**

_____
J. SCOTT VOWELL, PRESIDING JUDGE

cc:  Harlan F. Winn, III, Esq.
     L. Andrew Hollis, Esq.
     Mike Smith, Pro Se

2

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LATONYA JACKSON SEYMOUR,      *
An individual; and            *
JAZMINE JACKSON, a minor,     *
By and through her next friend, *
LATONYA JACKSON SEYMOUR,      *
                              *
    **Plaintiffs,**          *   CV-03-2891
                              *
v.                            *
                              *
AMERICAN MEDICAL SECURITY     *
GROUP, INC., a corporation; et al, *
                              *
    **Defendants.**          *

Norton Bittman
Case List 3/3/04 lu

### ORDER

This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this _____ day of _____, 2004.

_____
Circuit Court Judge

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

BRENDA STEWART and
BOBBY JOE STEWART,

    PLAINTIFFS,

VS.

AMERICAN MEDICAL SECURITY,
et al.,

    DEFENDANTS.

PLAINTIFF'S
EXHIBIT

CIVIL ACTION NUMBER:
CV 2003-467

## O R D E R

This matter coming on before the Court on the 1st day of December, 2003 based on the Defendants United Wisconsin Life Insurance Company and American Medical Security, Inc.'s Motion to Dismiss; Defendant AmSouth Bank's Motion to Dismiss as to all Claims Except Breach of Fiduciary Duty; Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss; the presence of counsel for all parties; statements by counsel for all parties; the Court having taken judicial knowledge of its file; and upon consideration thereof, the Court finds as follows:

1.    That counsel for the Plaintiff consented to the Court granting the Defendants' Motion to Dismiss as it relates to all claims of negligence, reckless and wanton conduct, negligent training and supervision, and conversion.

3.  The Court finds that all of the other issues raised by the Defendants in the Motion to Dismiss should be addressed, along with any other issues that the Defendants desire to raise, in a Rule 56 motion for summary judgment as opposed to a motion to dismiss.

It is, therefore, CONSIDERED and ORDERED as follows:

1.  That the Plaintiffs claims for negligence, reckless and wanton conduct, negligent training and supervision, and conversion are hereby dismissed.

2.  That the non-jury issue for the claim of breach of fiduciary duty will be addressed in subsequent orders of court.

3.  That all other issues raised in the motions to dismiss are hereby overruled and denied unless granted hereinabove.

4.  That a copy of this Order be forwarded to counsel of record for all parties.

This the 4th day of December, 2003.

JULIAN M. KING
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, ALABAMA

| | |
|---|---|
| BOBBY TIDMORE,<br>DOROTHY TIDMORE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action Number: |
| ) | CV 03-315 |
| AMERICAN MEDICAL SECURITY ) | |
| GROUP, INC., et al. ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on defendants' Motions to Dismiss. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiffs Count II claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Likewise, Defendants' motion to dismiss Plaintiff's Count VIII claim for conversion is due to be GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this 18 day of Dec , 2003.

_____
Circuit Court Judge

FILED
DEC 18 2003



## IN THE CIRCUIT COURT OF LAMAR COUNTY, ALABAMA

EDWARD WILLIAMS,                          )
        **Plaintiff,**              )
v.                                        )
                                          )    CV-03-130    **FILED**
AMERICAN MEDICAL SECURITY,                )    **CIRCUIT COURT**
UNITED WISCONSIN LIFE INSURANCE           )
COMPANY, AMSOUTH BANK, N.A., et. al.,     )    APR  6 2004
        **Defendants.**            )    *Curtis L. Dunham*

### ORDER

This matter is before the Court on Defendants' Motions to Dismiss and Motion to strike Plaintiff's jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count for negligent, reckless, wanton conduct and Count for negligent training and supervision is due to be GRANTED. Finally, Defendant AmSouth's motion to dismiss all claims except breach of fiduciary and to strike plaintiff's jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this __6__ day of ____April____, 2004.

_____
Circuit Court Judge